■ KAYE, SCHOLER, FIERMAN, HAYS & HANDLER, L. L. P., Respondent-Appellant, v L.B. RUSSELL CHEMICALS, INC.,

Appellant-Respondent. [667 NYS2d 753] —Order, Supreme Court, New York County (Herman Cahn, J.), entered September 3, 1997, which, in an action to recover attorneys' fees, denied the parties' respective motions for summary judgment, unanimously modified, on the law, to grant defendant partial summary judgment dismissing plaintiff's cause of action for account stated insofar as based on the invoices dated February through August 1993, and otherwise affirmed, without costs.

Defendant's letters dated June 29 and September 24, 1993 clearly dispute plaintiff's invoices of February through August 1993, and, accordingly, plaintiff's cause of action for account stated should have been dismissed insofar as based thereon (*see, Abbott, Duncan & Wiener v Ragusa*, 214 AD2d 412). As for plaintiff's other invoices, issues of fact exist as to whether defendant objected thereto, raised by, *inter alia*, evidence of defendant's oral communications of dissatisfaction and plaintiff's failure to specify on the invoices the billable hours it devoted to the services rendered (*see, Santora & McKay v Mazzella*, 182 AD2d 572). We agree with the IAS Court that a grouping of contracts analysis results in application of New York law (*see, Kramer, Levin, Nessen, Kamin & Frankel v Aronoff*, 638 F Supp 714, 719), and that the California statute requiring arbitration of attorney fee disputes (Cal Bus & Prof Code § 6200 *et seq.*), assuming it is not inapplicable under its own terms (*see, id.*, § 6200 [b] [1]), does not represent a countervailing foreign State policy so compelling as to displace otherwise applicable New York law (*see, Todtman, Young, Tunick, Nachamie, Hendler, Spizz & Drogin v Richardson*, 231 AD2d 1, 6; *cf., Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 318-319). Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.