■ JAMES DRATFIELD et al., Appellants, v GIBSON GREETINGS, INC., Respondent. [703 NYS2d 147] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered July 8, 1999, dismissing the complaint, and bringing up for review an order, same court and Justice, entered June 2, 1999, which denied plaintiffs' motion for summary judgment and granted defendant's cross-motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from the

aforementioned order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The parties' correspondence and the surrounding circumstances establish that they did not intend to be bound until their agreement was reduced to writing and formally executed (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397; *Scheck v Francis*, 26 NY2d 466, 469-470). Although neither party expressly reserved the right not to be bound prior to the execution of the signed contract, the language used in both of defendant's March letters establishes an intention to be bound only after a formal signing (*see, Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144; *Zucker v Katz*, 836 F Supp 137, 144). Concur—Sullivan, P. J., Nardelli, Wallach, Lerner and Buckley, JJ.