■ HELLER, HOROWITZ & FEIT, P. C., Appellant, v STAGE II APPAREL CORP., Respondent. [704 NYS2d 240] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about January 14, 1999, which granted defendant's motion for summary judgment dismissing the complaint in its entirety, unanimously modified, on the law, to reinstate plaintiff's causes of action for quantum meruit and account stated insofar as they are based upon invoices rendered in connection with plaintiff's work on "the Shorebreak matter" and "the Weiner matter", and otherwise affirmed, without costs.

Contrary to plaintiff's argument, the parties' March 5, 1997 agreement is not subject to rescission upon the ground of mutual mistake. The circumstance that the litigation involving the Goldman matter entailed more legal work than had been expected when the parties entered into the fixed-fee agreement does not amount to mutual mistake (see, Hartford Fire Ins. Co. v Federated Dept. Stores, 723 F Supp 976, 994; Weissman v Bondy & Schloss, 230 AD2d 465, lv dismissed 91 NY2d 887). In any event, plaintiff ratified the March 5, 1997 agreement by sending invoices expressly referring to that agreement and quoting the terms of that agreement, and by then accepting payment on those invoices. Thus, since the agreement remains binding and, by its terms, precludes plaintiff's claims for additional fees for covered matters, such claims, including those for recovery in quantum meruit (see, Knobel v Manuche, 146 AD2d 528), were properly dismissed by the motion court.

However, because triable issues remain as to whether the "Shorebreak" and "Weiner" matters were covered under the March 5, 1997 agreement, summary judgment should not have been granted dismissing plaintiff's claims to recover in quantum meruit or upon an account stated theory for services rendered in those matters. We note in this latter connection that there are issues of fact as to whether defendant objected to the plaintiff's invoices with respect to the "Shorebreak" and "Weiner" matters (see, Kaye, Scholer, Fierman, Hays & Handler v Russel Chems., 246 AD2d 479). Concur—Sullivan, P. J., Ellerin, Lerner and Buckley, JJ.