■ AIU INSURANCE COMPANY et al., Appellants, v UNICOVER MANAGERS, INC., et al., Respondents. RELIASTAR LIFE INSURANCE COMPANY, Third-Party Plaintiff-Respondent, v E.W. BLANCH COMPANY, Third-Party Defendant-Appellant. [724 NYS2d 147] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered July 26, 2000, which dismissed the complaint and third-party complaint pursuant to an order, same court and Justice, entered July 19, 2000, which granted the motion by defendant ReliaStar Life Insurance Company (ReliaStar) for summary judgment dismissing the complaint as against ReliaStar, *sua sponte* rendered summary judgment dismissing the remaining cause of action against defendant Unicover Managers, Inc. (Unicover), and *sua sponte* dismissed ReliaStar's third-party complaint against E.W. Blanch Company (Blanch) as moot, unanimously modified, on the law, to clarify that defendants ReliaStar's and Unicover's respective cross claims, and third-party defendant Blanch's counterclaim and cross claims, are also dismissed, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs.

In this action, plaintiff insurance companies (collectively, AIG) seek, *inter alia*, a declaration that defendant ReliaStar became bound to reinsure AIG for certain workers' compensation risks based on reinsurance confirmation slips signed only by defendant Unicover, which acted as ReliaStar's managing general underwriter in the relevant transactions. We affirm the grant of summary judgment dismissing the complaint on the ground that the parties' correspondence and course of conduct, evidenced by contemporaneous documents, establishes, as a matter of law, that the parties did not intend for the reinsurance to become bound until the slips were signed by ReliaStar itself and returned to AIG or Blanch, its agent (*see, Scheck v Francis*, 26 NY2d 466, 469-470; *Dratfield v Gibson*

*Greetings*, 269 AD2d 294, 295; *Chatterjee Fund Mgt. v Dimensional Media Assocs.*, 260 AD2d 159). Such evidence, including undisputed evidence of AIG's sustained efforts to obtain slips signed by ReliaStar and its position that premiums would not be paid until such signed slips were forthcoming, negates any inference that might otherwise be drawn that Unicover had actual or apparent authority to bind ReliaStar, or that ReliaStar ratified any purported binding of the reinsurance by Unicover on ReliaStar's behalf. We note that the security letters AIG proffered to ReliaStar in October 1998, which, if effective, purported to bind ReliaStar to honor any commitments made on its behalf by Unicover, were never countersigned or returned to AIG by ReliaStar, and AIG had expressly rejected an earlier letter of similar import that ReliaStar had countersigned and returned with an amendment unacceptable to AIG.

The motion court properly granted summary judgment dismissing AIG's estoppel and misrepresentation claims against ReliaStar, based on the same facts as the contractual claims, since the totality of the evidence is inconsistent with any finding that ReliaStar made a material misrepresentation of fact on which AIG relied to its detriment. For the same reason, AIG would have been unable to prevail on its remaining cause of action against Unicover, for misrepresentation, and, under the circumstances, we deem the grant of summary judgment in favor of Unicover to have been authorized by CPLR 3212 (b). The present record establishes that Blanch's counterclaim against ReliaStar and cross claims against Unicover, based on the same transactions, are similarly without merit, and we modify the judgment to make explicit the motion court's implicit dismissal of such claims, also as authorized, under these circumstances, by CPLR 3212 (b). Finally, we further modify the judgment to expressly dismiss ReliaStar's and Unicover's respective claims for contribution and indemnification, which are now moot. Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.