(June 4, 2002)

■ WORLDCOM, INC., Respondent-Appellant, v ARYA INTERNATIONAL COMMUNICATIONS CORP. et al., Appellants-Respondents. [743 NYS2d 39] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered September 11, 2000, after a jury trial, awarding plaintiff damages against defendants jointly and severally, and bringing up for review an order of the same court and Justice, entered August 23, 2000, which, insofar as challenged, denied defendants' motion to set aside the award of damages, unanimously modified, on the law, defendants' motion granted to the extent of vacating the jury's award against defendant Vishnu Devnani and dismissing the complaint as against said defendant, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Vishnu Devnani, dismissing the complaint as against him.

As found by the trial court in denying defendants' posttrial motion pursuant to CPLR 4404 (a), the jury's verdict was amply supported by the record in finding that defendant Arya breached the provision in the subject settlement agreement making it responsible for payment of the Local Service Subsidy (LSS) taxes it "incurred" on and after January 1, 1998. The resulting damages awarded, which were offset, on consent, by the amount awarded to Arya on its counterclaims are also supported by the record. However, the jury's decision to pierce the corporate veil and hold the individual defendant responsible for Arya's obligation to indemnify plaintiff for the LSS payments is against the weight of the evidence. While the individual defendant, Vishnu Devnani, admittedly dominates Arya, there is no evidence of fraud or that Arya has been used as his alter ego, the elements necessary to disregard the corporate entity (*Lowendahl v Baltimore & Ohio R.R. Co.*, 247 App Div 144, *affd* 272 NY 360).

Plaintiff claims that the trial evidence clearly establishes that Mr. Devnani fraudulently induced WorldCom to continue providing services from September 1, 1997 through January 31, 1998 by repeatedly representing to WorldCom that, after the $950,000 payment by Arya in November 1997, another $1,000,000 payment would be made and then he would be collecting "millions" of dollars from Arya's distributors which he would then use to pay WorldCom for the services it was providing during that period. However, even assuming that Mr. Devnani's promises of payment were false, there is nothing to reflect that he was speaking or acting in any but a corporate capacity. Unlike *Hyland Meat Co. v Tsagarakis* (202 AD2d 552), there is no evidence that Mr. Devnani used any personal promise or funds to induce WorldCom to continue providing services to Arya.

We have considered defendants' remaining arguments and find them unavailing. With respect to plaintiff's cross appeal, the trial court properly rejected its attempt to recover its pre-settlement claims, and properly restricted its damages to those attributable to the breach of the settlement agreement, where Arya's obligation to make LSS payments represented a relatively small part of its total commitment under the settlement agreement, which was otherwise satisfied (*see, Frank Felix Assoc., Ltd. v Austin Drugs, Inc.*, 111 F3d 284). Concur— Williams, P.J., Tom, Mazzarelli, Andrias and Friedman, JJ.