■ DCA ADVERTISING, INC., Appellant, v THE FOX GROUP, INC., et al., Respondents. [769 NYS2d 514]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered July 18, 2002, which, inter alia, granted defendants' motion for summary judgment only to the extent of severing and dismissing the complaint as against The Fox Group, unanimously modified, on the law, to dismiss the remaining defendant's novation defense, and otherwise affirmed, without costs.

As the motion court found, there were issues of fact as to whether The Fox Group dominated the other defendant, Your Health. However, "[e]vidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance" (*TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]). The IAS court properly granted The Fox Group's motion for summary judgment because plaintiff failed to present evidence that The Fox Group's promises had induced plaintiff to continue providing services to Your Health (*see WorldCom, Inc. v Arya Intl. Communications Corp.*, 295 AD2d 101 [2002], *lv denied* 98 NY2d 614 [2002]).

While defendants failed to include novation as a defense in their answer, they argued it extensively in their summary judgment motion, and plaintiff addressed the issue on the merits without claiming surprise or prejudice. Hence, defendants did not waive the defense of novation (*see Rogoff v San Juan Racing Assn.*, 54 NY2d 883 [1981]). However, plaintiff should be granted summary judgment dismissing the defense on the merits. Although plaintiff did not cross-move for such relief below, "a motion for summary judgment, irrespective of by whom it is made, empowers a court, even on appeal, to search the record and award judgment where appropriate" (*Grimaldi v Pagan*, 135 AD2d 496, 496 [1987]). There are no triable issues of fact with respect to at least two of the elements of novation, namely, a valid new contract and extinguishment of the old contract (*see Wasserstrom v Interstate Litho Corp.*, 114 AD2d 952, 954 [1985]). The January 30, 2001 letter from plaintiff's counsel, on which defendants rely, shows that plaintiff never intended to be bound until the parties executed a formal contract (*see e.g. Dratfield v Gibson Greetings*, 269 AD2d 294 [2000]), and that plaintiff had not given up its rights under the old contract. Concur—Buckley, P.J., Andrias, Saxe, Williams and Gonzalez, JJ.