RPI PROFESSIONAL ALTERNATIVES, INC., Doing Business as RESPONSE COMPLIANCE AND REGULATORY SERVICES, Respondent, v CITIGROUP GLOBAL MARKETS INC., Appellant. [878 NYS2d 36]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered November 5, 2008, awarding plaintiff damages in the principal sum of $1,023,646.14 and dismissing defendant's counterclaims, unanimously modified, on the law, the principal award reduced to $723,646.14, the first counterclaim reinstated except as it sought recovery of fees already paid under section 22.2 of the agreements, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent herewith.

Damages were awarded on an account stated, based on 68 invoices sent to defendant in connection with four distinct projects. Plaintiff established its prima facie entitlement to summary judgment by submitting evidence that invoices were received and retained by defendant without a reasonably timely objection (*see Manhattan Telecom. Corp. v Best Payphones*, 299 AD2d 178, 179 [2002], *lv denied* 100 NY2d 507 [2003]), and that defendant even made partial payments on some of them. However, there is evidence in the record that within a reasonable time, defendant did inform plaintiff by e-mail that no further payments would be made on outstanding invoices issued with respect to two of the projects, pending a review of plaintiff's progress and the amounts billed. Plaintiff's acknowledged receipt of such written objection negates the inference that defendant assented to the outstanding invoices for those projects (*see Herrick, Feinstein v Stamm*, 297 AD2d 477 [2002]; *Kaye, Scholer, Fierman, Hays & Handler v Russell Chems.*, 246 AD2d 479 [1998]).

Although defendant submitted evidence that it objected to the quality of plaintiff's work on the two projects undertaken for defendant's Corporate and Investment Banking (CIB) division, there is no evidence of objection to particular invoices or the overall amount billed thereon. Instead, plaintiff offered evidence that defendant actually extended plaintiff's time to complete those projects and continued to accept the work of its employees. Although the amounts billed thereon exceeded the total estimated costs set forth in the contracts, the parties' course of dealing may waive a contractual requirement (*see Beatty v Guggenheim Exploration Co.*, 225 NY 380 [1919]). Plaintiff was thus entitled to judgment on the claims related to the CIB projects.

On the other two projects (Smith Barney and Citigroup Private Bank), however, there was a legitimate dispute, timely raised, as to invoices amounting to about $300,000, and judgment was improperly granted thereon.

Since defendant cross-moved for summary judgment on the merits of its breach-of-contract counterclaim, the court had authority to search the record and grant summary judgment in favor of plaintiff, the nonmoving party, to the extent the record established its entitlement thereto (CPLR 3212 [b]; *DCA Adv. v Fox Group*, 2 AD3d 173 [2003]). The court properly dismissed so much of the first counterclaim as sought recovery of fees paid, since the record establishes that defendant did not comply with the contractual prerequisites for such recovery, namely, providing plaintiff with notice of the claimed defects in its work prod-

uct or services and an opportunity to cure. However, the record does not establish that defendant has no claim for damages incurred as a result of plaintiff's allegedly defective work, and that portion of the first counterclaim was improperly dismissed. The existence of a counterclaim of uncertain amount does not preclude the grant of summary judgment in favor of plaintiff on its account-stated cause of action; however, execution and costs should abide the resolution of the remaining claims (*see Gizzi v Hall*, 309 AD2d 1140, 1142 [2003]).

The provision of the contract precluding plaintiff from collecting interest or late fees on overdue payments does not bar the court from assessing prejudgment interest as mandated by CPLR 5001 (b) to compensate plaintiff (*id.*). However, under the terms of the contract, the earliest ascertainable date on which the account-stated cause of action existed was 60 days after the last invoice was sent, or May 27, 2006 (*see Richard Friedman Assoc., CPA PC v Jereski*, 26 AD3d 296 [2006]). Concur— Gonzalez, P.J., Tom, Sweeny and Acosta, JJ.