■ KAREN HAND, Respondent, v CITY OF NEW YORK et al., Defendants, and FRANK BEE STORES, INC., Appellant. [888 NYS2d 51]—

Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered March 17, 2009, which denied the motion of defendant Frank Bee Stores, Inc. (FBS) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of FBS dismissing the complaint and all cross claims as against it.

Plaintiff was injured when she tripped and fell on a sidewalk in front of commercial property. The area of the sidewalk on which the accident occurred was used as a driveway that led into a parking lot.

The complaint as against FBS should have been dismissed. FBS showed that it did not make special use of the sidewalk as it demonstrated that two separate nonparty corporations owned and used the parking lot, and plaintiff did not raise a question of fact on this point. Nor should the corporate form of FBS be disregarded to find that it indeed made special use of the sidewalk. There is no evidence in the record to suggest that FBS dominated either the corporation that owns the parking lot or the corporation that uses it. Nor is there any showing that any such domination has been used to commit fraud. Finally, there is no evidence that either of the corporations is the alter ego of FBS (*see e.g. WorldCom, Inc. v Arya Intl. Communications Corp.*, 295 AD2d 101 [2002], *lv denied* 98 NY2d 614 [2002]).

FBS should not be equitably estopped from denying special use of the subject sidewalk area on the basis of a delay between the time that it was identified as a party defendant and the time its principal was deposed, revealing that a nondefendant corporation owns the lot. Plaintiff has not changed a position, a necessary element of equitable estoppel (*see Hay Group v Nadel*, 170 AD2d 398, 400 [1991]). Moreover, even assuming that it

was implicitly represented that FBS owned or used the parking lot, plaintiff could not have reasonably relied on this, since the parking lot bore a large, plainly visible sign identifying the corporation that used it (*see e.g. Walker v New York City Health & Hosps. Corp.*, 36 AD3d 509, 510 [2007]).

Plaintiff's arguments for affirmance on the basis of CPLR 3212 (b) or General Business Law § 133 were not raised before the motion court, and in any event, are unavailing. Concur—Mazzarelli, J.P., Sweeny, Catterson, Acosta and Abdus-Salaam, JJ.