■ FLEMING AND ASSOCIATE, CPA, P.C., et al., Respondents, v MURRAY & JOSEPHSON, CPAs, LLC, et al., Appellants. [969 NYS2d 54]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about May 21, 2012, which granted plaintiffs' motion for summary judgment on the second cause of action as to liability, unanimously reversed, on the law, and the motion denied.

In this dispute between plaintiffs, the sellers of an accounting practice, and defendant purchasers regarding monies owed pursuant to the contract between the parties, plaintiffs failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Plaintiffs allege that the contract's acceleration clause, contained in paragraph 5.06, was triggered by an event of default, defined by the contract as "the failure of the Firm [defendants] to make a payment due Consultant [plaintiffs]." Plaintiffs maintain that, pursuant to the contract, defendants failed to make a payment of 37.5% of the 2010 aggregate fee for clients and related clients listed in schedule 1 attached to the contract.

Plaintiffs' claim is unavailing based on the plain language of the contract, which further provides for a revised schedule 1. Specifically, paragraph 3.04 (e) of the contract states that "[t]he Firm [defendants] shall prepare and deliver to Consultant [plaintiffs] by January 31, 2011 a schedule showing all billings . . . with respect to services performed by the Firm in 2010 to Schedule 1 Clients and their Related Clients." This paragraph further states that "Consultant [plaintiffs] shall prepare and deliver to the Firm [defendants] a revised Schedule 1 showing all billings of Clients for services rendered in 2010 by Consultant [plaintiffs] and the Firm [defendants] . . . , within 10 days after it receives the 2010 schedule from the Firm [defendants]." Thus, the required schedule is *not* the one attached to the parties' October 2010 contract. Rather, it is the revised schedule, which plaintiffs were supposed to provide within 10 days of receipt of defendants' schedule. Plaintiffs failed to show that it delivered the required schedule; hence, they failed to show that a payment was due.

In addition, it was inconsistent for the court to find, as a matter of law, that defendants had defaulted in making a payment while reserving for trial the issue of whether they had actually paid more than was due pursuant to the agreement.

Contrary to plaintiffs' assertion, defendants may request summary judgment dismissing the second cause of action for default and acceleration for the first time on appeal (*see e.g. Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111 [1984]). On the merits, however, defendants are not entitled to such relief. Through their course of dealings, the parties waived the contractual requirement contained in paragraph 3.04 (e) (*see RPI Professional Alternatives, Inc. v Citigroup Global Mkts. Inc.*, 61 AD3d 618, 619 [1st Dept 2009]). Defendants made payments to plaintiffs from February through July 2011, even

though plaintiffs had not provided the revised schedule 1 required by the contract. Defendants also stated in writing that they were "required" to pay plaintiffs $11,441.41 per month and then subsequently claimed that plaintiffs' share of the 2010 aggregate fees for schedule 1 clients was only $8,500 per month. Thus, drawing all inferences in plaintiffs' favor on defendants' request to dismiss the second cause of action, defendants should have continued to pay plaintiffs $8,500 per month and escrowed the difference. Concur—Andrias, J.P., Friedman, Moskowitz, DeGrasse and Feinman, JJ.