■ STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., as Subrogee of MARY E. McCORMACK, Appellant, v JOHN F. LA FORTE, Respondent.—In a subrogation action brought by the plaintiff insurer State Farm Mutual Automobile Insurance Company (hereinafter State Farm) to recover first-party payments made to its insured, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Kelly, J.), entered March 10, 1986, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment is denied.

The plaintiff's insured, Mary Ellen McCormack, was struck by the defendant's car while she was crossing Merrick Road in Seaford. McCormack instituted an action against the defendant to recover damages solely for conscious pain and suffering. Thereafter, McCormack reached a settlement agreement with Aetna Casualty and Surety Company (hereinafter Aetna), the defendant's insurer. As part of the settlement agreement, McCormack executed a release in favor of Aetna and the defendant, which provided, in pertinent part, as follows: "Receipt of payment of any of the above funds in no way reflects payment or release of the obligation to pay by any no-fault carrier no-fault payments to MARY ELLEN MCCORMACK."

The instant action was commenced by the plaintiff as subrogee against the defendant to recover the first-party benefits that it was obligated to pay its insured. After joinder of issue, the court granted the defendant's motion for summary judgment and dismissed the complaint, on the authority of *Weinberg v Transamerica Ins. Co.* (62 NY2d 379), stating: "the release which is the subject matter of this application contains no provision that reserves the subrogation rights of State Farm Mutual Automobile Insurance Company therein against John F. La Forte, the defendant in this action". We disagree with the determination of Special Term.

In *Record v Royal Globe Ins. Co.* (83 AD2d 154, 157), under facts similar to those at bar, the release contained in the settlement agreement executed by the injured insured, Judith Record, and the alleged tort-feasor, contained the following typed limitation: " 'It in no way releases the COLONIAL PENN

INSURANCE COMPANY or any other insurance carrier for payments due JUDITH RECORD under the no-fault provisions of the insurance law of the State of New York (Comprehensive Automobile Insurance Reparations Act).' "

Under those circumstances this court held that the release executed by the injured insured had not impaired the subrogation rights of her insurer. In so holding, this court stated *(Record v Royal Globe Ins. Co., supra,* at p 161): "In fact, for us to construe the release more broadly as evincing an intention to release, as well, the Records' further claims for extended economic loss (i.e., medical expenses and loss of earnings in excess of 'basic economic loss') (see Insurance Law, § 673, subd 1) would be to render the express limitation meaningless, for had the parties intended that the release at bar operate as a *general* release of any and all claims which the Records may have had against Mr. Steppe arising out of the accident, then there would have been no need for the addition of the typewritten limitation to the 'boiler-plate' provisions of the 'Blumberg' standard form. Inasmuch as the individual words and phrases are to be considered in relation to the agreement as a whole (see 4 Williston, Contracts [3d ed], § 601), and the instrument construed so as to accord an effect to each of its provisions (see, generally, 49 NY Jur, Release and Discharge, § 31), we cannot conclude that the parties to the action intended this document as a 'general release' of any and all tort claims which the plaintiff insureds may have had against Mr. Steppe, or that the insurer's (Royal Globe's) right of subrogation regarding payments to be made on account of Mrs. Record's 'extended economic loss' was thereby impaired. As indicated above, the plain language of the release evinces an intention to release, at best, only those causes of action for 'noneconomic loss' (Insurance Law, § 671, subd 3) which were the subject of the third-party action commenced by the plaintiff insureds, and was *not* intended to release either the *unpleaded* cause of action for loss of earnings or the husband's derivative cause of action for medical expenses."

The holding in *Record v Royal Globe Ins. Co. (supra)* is applicable to the limitation which is contained in the settlement agreement at bar. The factual scenario in *Weinberg v Transamerica Ins. Co.* (62 NY2d 379, *supra)* is inapposite to that at bar. In *Weinberg v Transamerica Ins. Co. (supra),* the court was confronted with a release clause in which the releasor: "releases and discharges JAMES H. FELDER the RE-LEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts,

dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR's heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE".

No words of reservation or limitation followed this clause. Under those circumstances, the Court of Appeals held *(Weinberg v Transamerica Ins. Co., supra,* at p 384): "In the present case plaintiff failed to protect the subrogation rights of Transamerica. The general release that he executed and delivered to Felder was on a standard form, and released, in the familiar boiler plate terms, all claims which he had or might have against Felder 'for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE', without any accompanying words of reservation or limitation".

In the case at bar, the release clause was sufficient to protect the subrogation rights of the plaintiff. Accordingly, the order appealed from must be reversed, and the defendant's motion for summary judgment must be denied. Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.