OPINION OF THE COURT
Christopher J. Mega, J.
Claimant has made application for entry of judgment against defendant for interest on the sum for which the claim was settled, pursuant to CPLR 5003-a.
Claimant herein sought damages arising out of an on-the-job *478 injury, pursuant to the relevant provisions of the Labor Law. After liability was found, the claim was conferenced before this court, on October 17, 1994, and a settlement between the parties was reached. According to the application before me, a stipulation of discontinuance and a release were hand delivered to defendant’s counsel on that date, and, after defendant questioned the form of those documents, a release containing the language required by defendant was delivered to counsel on October 18, 1994.
The checks representing the settlement proceeds were received by claimant’s counsel on November 10, 1994, the 23rd day after tender by claimant of the settlement papers. These checks were mailed (postmarked) on November 8th, 21 days after tender. Based upon these undisputed facts, claimant seeks entry of judgment against the defendant, pursuant to CPLR 5003-a (e), for the amount of the settlement ($650,000) plus interest at the statutory rate (9%; see, CPLR 5004). Since claimant has received the settlement checks, what is at issue is interest for the 23-day period between tender of the release and stipulation and receipt of the checks (approximately $3,686).
CPLR 5003-a, enacted in 1992 (L 1992, ch 269), entitled "[PJrompt payment following settlement”, requires that when an action is settled, the settling defendant "shall pay all sums due” within 21 days of tender of a duly executed release and stipulation of discontinuance. Subdivision (c) of the statute in effect extends the 21-day period to 90 days in the case of an action against the State, but such subdivision does not apply where, as here, the State is indemnified by an insurance carrier. Although the statute defines the term "tender” to mean either personal delivery or mailing, by registered or certified mail, return receipt requested, the term "pay” is not defined. Thus, claimant contends that the statute requires that the settlement proceeds be received within 21 days while defendant maintains that it is only required that the proceeds be mailed by the 21st day. This is the sole issue before me on this motion.
The statute in question was intended to encourage the prompt payment of settled actions, and was enacted in response to a perceived problem of settling defendants delaying substantially in forwarding large settlement proceeds to claimants. Neither the statute nor the legislative documents contained in the Bill Jacket contain a reference to an intention that the statutory requirement that a defendant "shall pay all *479 sums due” be satisfied upon mailing, or only upon receipt, of the proceeds, and we are thus left to examine the question of which of the two interpretations advanced herein would better serve to advance the legislative purpose of the statute (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 92). Since it is my conclusion that the statute’s purpose would be equally served regardless of whether it is the act of mailing, or receipt, that controls, I find no basis for reading into the statute the requirement that a settling defendant insure that settlement proceeds be received within the 21-day period.
In exploring the meaning of the word "pay” as it appears in the statute, it is perhaps not too academic to note that a "check” is in itself a mere direction on the part of a depositor, to its bank, to pay a sum of money to the holder (see, UCC 3-104). That notwithstanding, and despite the fact that the funds represented by a check are not available to a payee or endorsee until the check is presented to, and paid by, the drawee bank, claimant herein does not contend that CPLR 5003-a requires that settlement proceeds either be paid in cash or that, if paid by check, the check clear the banking system within 21 days. While even to raise this point may seem somewhat far afield, it does illustrate that the purpose of the statute does not relate to the availability of the funds to the settling claimant, but rather to their transmission to the claimant by the defendant; that what concerned the Legislature was the failure of defendants to act promptly and not that funds be available to claimants within 21 days.
Certainly, any argument that the statute requires either payment in cash or payment by check that clears within 21 days would be rejected as absurd. The reason for such rejection would be the common understanding that the way business is done in our society is by check. Thus, notwithstanding that a check is in itself just a promise to pay, nobody could seriously argue that tender of a check does not satisfy the statutory direction to "pay”. Similarly, I have no problem taking judicial notice of the fact that business transactions of the sort at issue herein are generally conducted by mail, and not by attorneys personally delivering checks to each other. If the Legislature had intended that a settling defendant guarantee that the settling claimant actually receive the proceeds (or, at least, the check) within 21 days, it would have been an easy matter to so specify. In view of the lack of such specification, and the fact that the purpose of the statute — i.e., to discourage settling defendants from holding funds for an *480 excessive period of time — is satisfied regardless of whether mailing or receipt within 21 days is required, I find that the defendant herein complied with the statute by mailing the checks within 21 days.
I also note that the contrary interpretation would in effect rule out the use of mail, other than express, overnight mail, for the delivery of settlement checks because no defendant, or attorney, could be assured of the date of mail delivery. It can take many days for regular mail to be delivered from one end of New York State to another, and it was not the purpose of this statute to make defendants responsible for the delays that may occur when regular mail is used.
Neither of the parties submitted any authority in support of their respective positions herein. I should note that I have examined the decision of the Appellate Division, Fourth Department, in Enos v City of Rochester (206 AD2d 159), which held that the reference in CPLR 304 to "filing” a summons and complaint with the clerk of the court in order to commence an action required actual receipt by the clerk, and I find nothing in that decision that conflicts with my evaluation of the statute in question herein.
For the foregoing reasons, the claimant’s application is denied.