OPINION OF THE COURT
Joan B. Lefkowitz, J.
Defendant moves to compel plaintiff to issue a satisfaction of judgment. Plaintiff sued defendant in negligence for damages *698 for personal injuries she sustained. Prior to commencement of the trial, the action was settled in open court on June 26, 1996. On that date, plaintiffs counsel mailed the settlement papers to defense counsel by certified mail, return receipt requested. The package included a general release and a signed stipulation discontinuing the action without costs. It was received on June 27, 1996. Thereafter, plaintiff’s counsel and defense counsel engaged in correspondence concerning when payment would be received. On July 31, 1996, plaintiff entered judgment against defendant in the amount of the settlement, with interest at 9% per year from June 27, 1996 and with costs and disbursements of $1,035. By separate checks issued August 1 and 7, 1996, defendant has paid the settlement amount and interest to the date of this motion but objects to payment of costs and disbursements. CPLR 5003-a, enacted in 1992 (L 1992, ch 269), provides in subdivision (a) that once an action is settled the defendant (except a municipality or the State or public officers) has 21 days to make payment after tender to it of an executed release and stipulation discontinuing the action. Tender was appropriately made in this case on June 27, 1996. (CPLR 5003-a [g].)
CPLR 5003-a (e) provides that when a settling defendant fails to promptly pay all sums required, the unpaid plaintiff may enter judgment. The statute further reads: "The judgment shall be for the amount set forth in the release, together with costs and lawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing action were tendered.” (CPLR 5003-a [e].)
Defendant argues that costs and disbursements incurred by plaintiff prior to the settlement are not recoverable under the statute; only those items that accrue from the date of tender being recoverable. Plaintiff contends that the phrase "from the date that the release * * * w[as] tendered” (CPLR 5003-a [ej) relates only to interest and not to costs and disbursements.
Legislative and case law history is sparse with regard to CPLR 5003-a. One treatise has said: "Its purpose is to provide a mechanism whereby a party who enters into a valid settlement agreement may protect the right to receive prompt payment of the settlement award”. (5 Weinstein-Korn-Miller, NY Civ Prac 5003-a.01, at 50-68.) The memoranda in support of the proposed legislation and its immediate amendment (L 1992, chs 269, 270) by Senator Christopher J. Mega refer to the sit-
*699 nation of untimely payments by defendants, plaintiffs’ loss of interest on the moneys and the penalty to be imposed upon defendants for delay. (1992 NY Legis Ann, at 158-159.) The only reported decision involving the statute held that the 21-day provision (cf., CPLR 2103 [b] [3]) is complied with when the proceeds are mailed by check on the 21st day. (O’Reilly v State of New York, 164 Misc 2d 477 [Ct Cl 1995].) In the cited case, former State Senator, now Justice, Mega observed: "The statute in question was intended to encoui age the prompt payment of settled actions, and was enacted in response to a perceived problem of settling defendants delaying substantially in forwarding large settlement proceeds to claimants” (164 Misc 2d, at 478). Professor Siegel has noted: "The consequence of not paying the stated amount of the settlement on time, in other words, is that costs and disbursements will now be added to it, along with interest.” (Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5003-a, 1996 Pocket Part, at 48; see, Siegel, NY Prac § 411, at 74 [2d ed 1995 Pocket Part].)
The court must ascertain legislative intent from the language employed in the statute against the background of the injustice sought to be regulated. (McKinney’s Cons Laws of NY, Book 1, Statutes § 92.)
The Bill Jacket for Laws of 1992 (chs 269, 270) provides some enlightment on the issue before the court. In a memorandum issued by Assemblymen Proskin and Koppell it was stated that CPLR 5003-a (e) would provide that "an unpaid plaintiff may enter a judgment against the defendant for the amount set forth in the release, together with the costs and disbursements of the action, and the interest on the amount set forth in the release from the date the release and stipulation discontinuing the action were tendered” (emphasis added).
In construing a statute, the court must bear in mind the purpose of the legislation and the objectives sought to be accomplished by the Legislature. (Abood v Hospital Ambulance Serv., 30 NY2d 295, 298 [1972]; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 95-96.) Clearly, the legislative intent is to be effectuated. (Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345 [1982].) Literal construction of a statute is not réquired where the remedy to be advanced is negated; that is, absurd results are to be avoided. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 111, 113, 145; Abood v Hospital Ambulance Serv., 30 NY2d 295, 298, supra.)
CPLR 5003-a envisions a summary ex parte procedure to enter judgment once defendants fail to pay settled actions *700 promptly. (5 Weinstein-Korn-Miller, NY Civ Prac 5003-a.04.) A plenary proceeding to enforce the settlement was not contemplated nor is it required. The form proposed to effect implementation of CPLR 5003-a (3 McKinney’s Forms, CPLR § 8:12, 1996 Supp, at 22) in the wherefore clause of the affirmation in support of a judgment for failing to promptly pay a settlement requests interest from the date of tender "together with the costs and disbursements of this action” (emphasis added).
The bill of costs form (Blumberg No. 156) typically lists costs prior to judgment (except for costs on appeal) and disbursements prior to judgment. Except for the taxable disbursement of filing a document (CPLR 8021 [b] [1]), which is $5, and $10 for filing a transcript of a judgment (CPLR 8021 [b] [7]), no other disbursement should occur postjudgment and no additional costs incurred unless the judgment creditor proceeds further with collection efforts. Most defendants, it is expected, particularly those represented by counsel hired by insurance carriers, will endeavor to cause payment to be made immediately after judgment is entered and served to avoid adverse credit and other problems along with the consequences set forth in CPLR 5003-a.
Therefore, the court concludes that the phrase "costs and lawful disbursements” means costs and disbursements in the action being settled incurred before and after the settlement. This is part of the "penalty”, with interest, to be imposed on tardy payment and advances the cause of the legislation whereas to limit costs and disbursements to only future expenses of relatively modest sums would thwart the legislative will.
The motion is denied.