OPINION OF THE COURT
Martin Schneier, J.
On November 3, 2000, this case was settled for a sum of $9,750. On November 4, 2000, a release and stipulation of discontinuance was forwarded to defendant by certified mail, return receipt requested, and was received on November 8, 2000. On November 28, 2000, the plaintiff filed a judgment and *342 bill of costs. Defendant moves to vacate the judgment and bill of costs on the grounds that it was filed prior to the expiration of the 21-day period provided for in CPLR 5003-a. Plaintiff cross-moves for payment of the balance of the judgment.
CPLR 5003-a (a) states: “When an action to recover damages has been settled, any settling defendant . . . shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff.” If the date of tender is the date of mailing, the judgment was. timely; if the date of tender is the date it was received, the judgment was premature. CPLR 5003-a (g) states that “[t]he term ‘tender’, as used herein, shall mean either to personally deliver or to mail, by registered or certified mail, return receipt requested.” Taken literally, the statute would, in this case, make the time of mailing the time of tender. Although the issue was not directly addressed in O’Meara v A & P, Inc. (169 Misc 2d 697, 698 [1996]), the court ruled, without discussion, that the tender occurred at the time of receipt. Having directly considered the issue, this court concurs with the O’Meara decision.
The literal application of a statute is to be avoided when it leads to an absurd result (Matter of Allstate Ins. Co. v Libow, 106 AD2d 110, 114 [1984]). In this case, a literal interpretation of the statute would allow the defendant up to four less days to pay the judgment because it was in the mail, surely an absurd result. Placing the time of tender at the date of receipt will not prejudice the plaintiff because the plaintiff can avoid delay by personally delivering the release and stipulation of discontinuance. Accordingly, the court holds that, when tender is made by mail, it occurs at the time of receipt and not at the time of mailing.
The motion to vacate the judgment is, therefore, granted because the judgment was filed prior to the expiration of the 21-day period. The cross motion is denied.