■ EDNA ELIEKA SEALEY, Plaintiff, and CECELIA PRESTON, Respondent, v JAMAICA BUSES, INC., et al., Defendants, and LAURA LEE, Appellant. [833 NYS2d 190]—

In an action to recover damages for personal injuries, the defendant Laura Lee appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated November 29, 2005, as granted that branch of the motion of the plaintiff Cecelia Preston which was to direct Lee to satisfy a judgment of the same court entered September 22, 2004, in favor of Preston and against her in the total sum of $27,103.36, and denied her cross motion to vacate the judgment entered September 22, 2004; and (2) from so much an order of the Supreme Court, Queens County (Schulman, J.), entered October 19, 2006, as denied that branch of her motion which was for leave to renew and, upon reargument, adhered to the original determination in the order dated November 29, 2005.

Ordered that the appeal from the order dated November 29, 2005 is dismissed, as that order was superseded by the order entered October 19, 2006, made upon reargument; and it is further,

Ordered that order entered October 19, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff Cecelia Preston (hereinafter the plaintiff) submitted proof that she tendered a duly executed release and stipulation of discontinuance to the appellant following the settlement entered into by the parties on the record in open court. Since the appellant thereafter failed to "promptly" pay the settlement amount in accordance with CPLR 5003-a, the plaintiff was entitled to enter judgment for the amount set forth in the release "together with costs and lawful disbursements, and interest" (CPLR 5003-a [e]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to direct the appellant to satisfy the judgment (*see generally State Farm Mut. Auto. Ins. Co. v La Forte*, 125 AD2d 563 [1986]; *cf. Weinberg v Transamerica Ins. Co.*, 62 NY2d 379 [1984]).

The court properly denied that branch of the appellant's motion which was for leave to renew (*see* CPLR 2221; *Spa Realty Assoc. v Springs Assoc.*, 213 AD2d 781 [1995]).

The appellant's remaining contentions are without merit. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.