■ KATHRYN SARAH LEIPOLD, an Infant, by KERRY LEIPOLD et al., Her Parents and Guardians, et al., Appellants, v ARNOT OGDEN MEDICAL CENTER et al., Respondents. [849 NYS2d 313]—

Rose, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered March 2, 2007 in Chemung County, which denied plaintiffs' application for costs, disbursements and interest.

Plaintiffs commenced this action seeking to recover damages for severe brain injuries sustained by infant plaintiff Kathryn Sarah Leipold in 1996. The parties ultimately agreed to settle the action and placed a stipulation on the record in Supreme Court on June 14, 2006. The stipulation of settlement specified that the present value of the total consideration for release of plaintiffs' claims was $5,380,000, with the majority of those funds to be used to purchase annuities providing the infant plaintiff with a structured settlement of $100,000 per year plus a yearly cost of living increase. The remaining funds were to be paid as "up-front" moneys to the infant plaintiff's supplemental needs trust, her parents and counsel. The stipulation also contemplated that there would be a subsequent written agreement, referred to as the global agreement, which would set forth the details of the settlement and be consistent with the stipulation. Supreme Court approved the stipulation of settlement and, pursuant to its terms, allocated defendants' respective shares of the total moneys to be paid in an order dated August 14, 2006. The global agreement was executed by plaintiffs on October 10, 2006. On October 24, 2006, their counsel sent a copy of the global agreement, a release and a stipulation of discontinuance to counsel for each defendant. Counsel's cover letters specified the amount of up-front moneys to be paid, requested that checks be made payable to plaintiffs' counsel and demanded payment within the 21-day period specified in CPLR 5003-a. When defendants failed to make timely payment, plaintiffs applied for an award of interest, costs and

disbursements pursuant to CPLR 5003-a (e). Finding that the global agreement had superseded the in-court stipulation and included a waiver of costs, Supreme Court denied the application. Plaintiffs appeal.

Upon our review of the record, we find merit in plaintiffs' arguments that they tendered the documents necessary to begin the running of the 21-day time period for payment provided in CPLR 5003-a (a). By its express terms, the global agreement was not effective until executed by all parties (*see Dratfield v Gibson Greetings*, 269 AD2d 294, 295 [2000]), and there is no dispute that it was not fully executed when plaintiffs demanded payment. Thus, it was not effective to supersede, or constitute a novation of, the parties' in-court stipulation of settlement (*see e.g. Callanan Indus. v Micheli Contr. Corp.*, 124 AD2d 960, 961 [1986]). For the same reason, Supreme Court erred in finding that paragraph G of the global agreement constituted a waiver of the relief afforded by CPLR 5003-a.

CPLR 5003-a (a) provides: "When an action to recover damages has been settled, any settling defendant . . . shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff." Although "tender" is defined as "to personally deliver or to mail, by registered or certified mail" (CPLR 5003-a [g]), we agree with plaintiffs that where, as here, mailing is utilized and the date of receipt is known, the 21 days should be measured from receipt (*see Cunha v Shapiro*, 42 AD3d 95, 101 n 3 [2007], *lv dismissed* 9 NY3d 885 [2007]; *Rodgers v State of New York*, 14 Misc 3d 1215[A], 2006 NY Slip Op 52533[U] [2006]; *Johnson v Karavassilis*, 2 Misc 3d 341, 342 [2003]).

Here, the record confirms that plaintiffs mailed duly executed releases, separate from those in the written settlement agreement, to defendants Arnot Ogden Medical Center (hereinafter AOMC), Southern Tier Pediatrics (hereinafter STP) and Ralph Moore on October 24, 2006. While AOMC argues that the release was invalid because it did not include the infant plaintiff's trust as a payee and erroneously recited that AOMC's share of the settlement had been paid in cash to plaintiffs, it does not dispute that both the total amount of AOMC's liability and the amount of the up-front moneys to be paid were accurately stated in the release and counsel's cover letter. Nor is the release invalid merely because plaintiffs have raised the possibility of adverse tax consequences to themselves by directing payment to someone other than a trust. Furthermore, AOMC does not deny that the

release and stipulation of discontinuance were received on October 25, 2006. Measured from that date, the 21-day period provided by CPLR 5003-a had clearly expired before AOMC made payment of the up-front moneys on November 21, 2006.

Similarly, as to STP and Moore, the record contains a separate release that recites the correct amount to be paid, is fully executed by plaintiffs and was received by those defendants on October 25, 2006. Again measuring the 21-day period from the date of receipt, their payment tendered on November 17, 2006 was untimely. We are also unpersuaded by their contention that the five-day extension provided by CPLR 2103 (b) (2) should be applied to afford them 26 days from the date of mailing. CPLR 2103 (b) (2) provides that "where a period of time prescribed by law is measured from the *service* of a paper and service is by mail, five days shall be added to the prescribed period" (emphasis added). As noted above, CPLR 5003-a (a) provides that the 21-day period for payment begins to run upon *tender* (*compare Coty v County of Clinton*, 42 AD3d 612, 613 [2007]). Inasmuch as tender expressly includes mailing, the time for payment would not be extended by CPLR 2103 (b) (2). Since there is no dispute as to when STP and Moore received the demand for payment, the 21-day period provided by CPLR 5003-a clearly expired before they tendered payment.

Inasmuch as Supreme Court should have granted plaintiffs a judgment pursuant to CPLR 5003-a (e), the matter must be remitted for determination of the amounts of interest, statutory costs and disbursements (*see Cunha v Shapiro*, 42 AD3d at 101; *Hadier v Remington Place Assoc.*, 302 AD2d 428 [2003]). Interest should be calculated for the period between the date of tender and the dates on which defendants made payment (*see* CPLR 5003-a [e]; *O'Meara v A & P, Inc.*, 169 Misc 2d 697, 699 [1996]). Contrary to plaintiffs' contention, we also find that interest should be calculated upon the amount of up-front moneys owed at the time of tender rather than upon each defendant's share of the full settlement. As to all defendants, it appears that the prescribed annuities had been fully funded before plaintiffs demanded payment of the remaining up-front amounts. While the releases do state the amounts of the full shares as well as the lesser amounts still owing, there can be no interest awarded on amounts that had previously been paid to fund future payments because CPLR 5003-a is inapplicable to structured settlements (*see* CPLR 5003-a [f]; *compare Mann v All Waste Sys.*, 293 AD2d 656, 657 [2002], *lv denied* 98 NY2d 610 [2002]).

Cardona, P.J., Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiffs' applica-

tion granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.