In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated October 27, 2009, which granted the defendants’ motion, inter alia, to vacate a judgment of the same court entered August 11, 2009 pursuant to CFLR 5003-a (e).
Ordered that the order is reversed, on the law, with costs, the defendants’ motion is denied, and the judgment is reinstated.
The plaintiff was crossing the street within a crosswalk when he was struck by a vehicle owned and operated by the defendants. More than two years after the accident, on July 14, 2009, the plaintiff agreed to settle his personal injury claim for the sum of $400,000. It is undisputed that the plaintiffs attorney promptly mailed a general release and a stipulation of discontinuance to the defendants’ attorney, and that these settlement documents were received on July 15, 2009. The settlement documents were accompanied by a cover letter in which the plaintiffs attorney disclosed his taxpayer identification number. However, the defendants also requested, on behalf of their insurance carrier, that the plaintiffs attorney certify that he had provided his correct taxpayer identification number on an Internal Revenue Service Form W-9 (hereinafter Form W-9). Form W-9 facilitates compliance with the Internal Revenue Code by requiring the recipient of certain types of payments to certify his or her taxpayer identification number to the entity making payment, and to indicate whether he or she is subject to backup withholding. The plaintiffs attorney did not initially comply with the defendants’ request to complete Form W-9.
When the defendants failed to pay the sum due under the settlement agreement within 21 days of tender of the release and stipulation of discontinuance, the plaintiff sought to enter judgment against them in accordance with CFLR 5003-a. On *545 August 11, 2009, a judgment was entered in favor of the plaintiff in the agreed-upon settlement amount, together with interest, costs, and disbursements. Shortly thereafter, the defendants moved, inter alia, to vacate the judgment, arguing that the Internal Revenue Code required the plaintiff’s attorney to comply with their request for a completed Form W-9, and that the plaintiff had procured the judgment by misrepresenting that he had provided them with all necessary settlement documents. While the motion was pending, the plaintiffs attorney completed Form W-9, and the defendants paid the sum of $400,000 required by the settlement agreement. The plaintiff opposed vacatur of the judgment, contending that the defendants’ failure to pay the settlement proceeds within 21 days after his tender of the release and stipulation of discontinuance entitled him to recover interest, costs, and disbursements pursuant to CPLR 5003-a. The plaintiff also noted that his attorney had provided the defendants with his taxpayer identification number in the cover letter accompanying the settlement documents, and argued that an attorney receiving “gross proceeds” had no obligation to certify his or her taxpayer identification number to the payor on Form W-9. The Supreme Court granted the defendants’ motion, relying upon the decision of the Appellate Division, First Department, in Cely v O'Brien & Kreitzberg (45 AD3d 368 [2007]) to conclude, in essence, that the plaintiffs attorney was required to provide the defendants with a completed Form W-9 as a condition precedent to payment of the settlement proceeds. We disagree.
CPLR 5003-a was enacted in 1992 to encourage prompt payment of settlements (see Cunha v Shapiro, 42 AD3d 95, 101 [2007]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5003-a, at 121). To this end, the statute requires any settling defendant, subject to certain exceptions not applicable here (see CPLR 5003-a [b], [c], [d]), to pay all sums due to any settling plaintiff “within twenty-one days of tender, by the settling plaintiff to the settling defendants], of a duly executed release and a stipulation discontinuing [the] action executed on behalf of the settling plaintiff’ (CPLR 5003-a [a]). Where, as here, the release and stipulation of discontinuance are tendered by mail, the 21-day period is measured from receipt of the documents (see Leipold v Arnot Ogden Med. Ctr., 46 AD3d 1299, 1300 [2007]; Cunha v Shapiro, 42 AD3d at 101). If the settling defendant fails to pay the sum due under the settlement agreement within 21 days of tender of the required documents, the statute authorizes the plaintiff to enter, without further notice, a judgment in the amount of the settlement, which is to include interest, costs, and disbursements (see CPLR 5003-a [e]).
*546 Here, the plaintiff fulfilled his obligations under CPLR 5003-a by tendering a duly executed release and stipulation of discontinuance to the defendants’ attorney. Neither CPLR 5003-a, nor the parties’ stipulation of settlement, imposed any additional requirement on the plaintiff or his attorney. Regardless of whether the defendants’ request that the plaintiffs attorney complete Form W-9 certifying his tax identification number was reasonable, as they contend, there is no statutory authority for elevating the completion of this form to a condition precedent for payment of the sum due in settlement of a personal injury claim (see In re Emergency Beacon Corp., 52 BR 828, 830 [1985]; cf. Liss v Brigham Park Coop. Apts. Sec. No. 3, 264 AD2d 717 [1999]).
Although we are aware that the Appellate Division First Department, reached a contrary conclusion in Cely v O’Brien & Kreitzberg (45 AD3d 368 [2007]), we do not find the rationale of that case persuasive. Compensation for personal injuries does not generally constitute gross income (see 26 USC § 104 [a] [2]), and the defendants made no showing that the portion of the personal injury settlement which the plaintiffs attorney may be entitled to retain as a legal fee is actually a “reportable payment” subject to the reporting requirements of the Internal Revenue Code (see 26 USC § 3406). Moreover, even assuming that the defendants’ insurance carrier is mandated to report payment of the settlement proceeds to the plaintiffs attorney, the defendants have not demonstrated that the provision of Form W-9 is the sole means by which the carrier can comply with its reporting obligations. Under these circumstances, we decline to effectively amend the terms of the parties’ stipulation of settlement by conditioning payment of the settlement proceeds upon completion of the form. Granting settling defendants the unilateral right to withhold payment in these circumstances would significantly undercut the statutory goal of CPLR 5003-a to ensure the prompt payment of settlement proceeds upon tender of the statutorily prescribed documents. Accordingly, the defendants’ failure to timely pay the sum due under the settlement agreement entitled the plaintiff to enter judgment including interest, costs, and disbursements pursuant to CPLR 5003-a (e) (see Leipold v Arnot Ogden Med. Ctr., 46 AD3d 1299 [2007]; Sealey v Jamaica Buses, Inc., 39 AD3d 526, 527 [2007]; Hadier v Remington Place Assoc., 302 AD2d 428 [2003]).
The defendants’ contention that this appeal is barred by the doctrine of accord and satisfaction because the plaintiff cashed the settlement check while their motion to vacate the judgment was pending is without merit (see Merrill Lynch Realty/Carll *547 Burr, Inc. v Skinner, 63 NY2d 590, 596 [1984]; Pepe v Tannenbaum, 279 AD2d 620 [2001]). Skelos, J.E, Eng, Hall and Lott, JJ., concur.