| Lizewski v DG Props. LLC |
|---|
| 2024 NY Slip Op 33053(U) |
| August 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156235/2018 |
| Judge: Verna L. Saunders |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. VERNA L. SAUNDERS, JSC**

*Justice*

-----------------------------------------------------------------------X

MARCIN LIZEWSKI and JASMIN DELORES HAYLETT LIZEWSKI,

Plaintiffs,

- against -

DG PROPERTIES LLC, and D&G HOLDINGS INC., and J&S SUPPLY CORP., and UNIVERSAL VACUUM SYSTEMS INC., and VINCENT MOSQUERA,

Defendants.

-----------------------------------------------------------------------X

PART  36

INDEX NO. _____156235/2018_____

MOTION SEQ. NO. _____003_____

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 7, 115, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149

were read on this motion to/for _____**JUDGMENT – MONEY**_____.

      In this personal injury action involving multiple defendants, plaintiffs Marcin Lizewski and Jasmin Delores Haylett Lizewski seek an order and judgment against defendants D&G Properties LLC (s/h/a DG Properties, LLC), D&G Holdings Inc., and J&S Supply Corp. for $750,000.00 plus interest, costs, and disbursements (*see* NYSCEF Doc Nos. 127, *notice of motion*; 129, *proposed judgment, exhibit A at 1-3*).[1]  For the reasons set forth below, the motion is granted in part as against defendants DG Properties LLC and J&S Supply Corp. (collectively, "settling defendants") and denied as against defendant D&G Holdings Inc.

      Plaintiffs' counsel avers that plaintiffs and defendants DG Properties LLC, D&G Holdings Inc., and J&S Supply Corp. settled this action for the sum of $750,000.00 in November 2022 (NYSCEF Doc. No. 128).  Plaintiffs' counsel further avers that plaintiffs tendered a signed general release and a signed stipulation of discontinuance to those defendants' counsel.[2]  In support, plaintiffs submit Federal Express tracking records that show a package was mailed on November 16, 2022 and that a "B. Marcus" signed for the delivery on November 21, 2022

---

[1] Exhibit B also includes a copy of the proposed judgment (NYSCEF Doc. No. 130 at 14-16) that is nearly identical to the proposed judgment in exhibit A.  The proposed judgment in exhibit A contains a typographical error that the action was settled for $7.5 million; the proposed judgment in exhibit B accurately lists the settlement sum as $750,000.00.  However, both contain a typographical error that December 5, 2022 was the date on which the parties informed the court that the action had settled.  According to the Supreme Court Records On-Line Library (SCROLL), the court date was December 2, 2022.

[2] The general release refers to the $750,000.00 as consideration from all defendants in this action (NYSCEF Doc. No. 130, *exhibit B at 8-9*). The stipulation of discontinuance is signed by plaintiffs' counsel and the settling defendants' counsel (NYSCEF Doc. No. 130, *exhibit B at 10*). There is no signature line for D&G Holdings Inc.'s agreement; rather, the notation "no appearance" follows the company's name along with a care of mailing address.  Also, there is a blank signature line where the attorney that represents defendants Universal Vacuum Systems, Inc., and Vincent Mosquera (collectively, "Universal") was to sign.

**156235/2018  LIZEWSKI, MARCIN vs. DG PROPERTIES LLC**
**Motion No.  003**

**Page 1 of 4**

(NYSCEF Doc. No. 129, *exhibit A at 8-9*). B. Marcus is Brian S. Marcus (Marcus) of Jacobson & Schwartz, LLP, the law firm that represents the settling defendants in this action (NYSCEF Doc. No. 141, *counsel's affirmation*). Marcus acknowledges receipt of the original documents via Federal Express and adds that he received a copy via e-mail on November 16, 2022.

There is no indication that Jacobson & Schwartz, LLP represents D&G Holdings Inc., nor is there a notice of appearance or answer from this defendant (*see* NYSCEF Doc. No. 7, *settling defendants' answer*; *see also* NYSCEF document list). Despite this, on December 19, 2022, plaintiffs filed a proposed judgment against the settling defendants and D&G Holdings Inc. According to NYSCEF, the proposed judgment was returned for correction (NYSCEF Doc. No. 115). Plaintiffs now move for entry of the proposed judgment, having served the motion upon all defendants except D&G Holdings, Inc. (*see* NYSCEF Doc. No. 140, *affirmation of service*).

Plaintiffs do not dispute that they received and accepted the settlement sum on December 27, 2022. However, in support of the motion, plaintiffs contend that they are entitled to a judgment under CPLR 5003-a as defendants did not timely pay the settlement sum after receiving the signed general release and the signed stipulation of discontinuance. In opposition, settling defendants contend that CPLR 5003-a is inapplicable to the present facts. Specifically, they contend that plaintiffs did not deliver the documents via a statutorily prescribed method and therefore, defendants were not required to remit payment within a statutorily prescribed time frame. Counsel adds that two law office errors caused a minor delay in payment,[3] and this motion is improper as the errors were promptly rectified. In reply, plaintiffs maintain that the sequence of events as described entitles them to a judgment under CPLR 5003-a (NYSCEF Doc. No. 148).

CPLR 5003-a(a) provides that "[w]hen an action to recover damages has been settled, any settling defendant…shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing action executed on [the settling plaintiff's] behalf." CPLR 5003-a (g) defines "tender" to "mean either to personally deliver or to mail, by registered or certified mail, return receipt requested." When the settling plaintiff mails the release and the stipulation, tender occurs when the settling defendant receives the documents (see *Cunha v Shapiro,* 42 AD3d 95, 105 n 3 [2d Dept 2007]). Additionally, CPLR 5003-a(e) provides that when a settling defendant does not pay the settlement sum within the prescribed time frame, "any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid…for the amount set forth in the release, together with costs and lawful disbursements, and interest on the amount set forth in the release." Interest is "calculated for the period between the date of tender and the dates on which defendant [] made payment" (*Leipold v Arnot Ogden Med. Ctr.,* 46 AD3d 1299, 1301 [3d Dept 2007]; *see* CPLR 5003-a[e]). The interest rate is nine percent annually (*see* CPLR 5004).

Here, the parties dispute whether tender occurred as plaintiffs sent the executed general release and the executed stipulation of discontinuance to the settling defendants via Federal

---

[3] The errors are as follows: Counsel instructed the insurance carrier to address the settlement check to only one of the two plaintiffs in this action. When the settlement check was reissued, his office incorrectly addressed the envelope containing the check to plaintiffs' counsel.

**156235/2018 LIZEWSKI, MARCIN vs. DG PROPERTIES LLC**
**Motion No. 003**

Page 2 of 4

2 of 4

[* 2]

Express and e-mail, as opposed to the mailing methods specified in CPLR 5003-a(g). *Grant v City of New York* (17 AD3d 215 [1st Dept 2005]) is instructive in determining this issue. There, the First Department held that "[a]lthough defendant mailed the notice by regular mail rather than by registered or certified mail as directed by CPLR 3216(b)(3), the irregularity is not fatal [since] plaintiff admittedly received the notice" (*Grant*, 17 AD3d at 216). Here, the court holds that tender occurred as the settling defendants admittedly received the release and stipulation, and because plaintiffs' Federal Express mailing is comparable to the mailing methods enumerated in CPLR 5003-a(g).

The court further holds that the date of tender is November 21, 2022, the date the settling defendants' counsel signed for the Federal Express envelope. Twenty-one days after November 21, 2022 is December 12, 2022. As a result, when the settling defendants paid the settlement sum on December 27, 2022, the payment was fifteen days late. Although the delay was short and stemmed from inadvertent errors, plaintiffs are entitled to a judgment for interest, costs, and disbursements under CPLR 5003-a (see *Ronkese v Tilcon N.Y. Inc.*, 153 AD3d 259, 264 [3d Dept 2017] [legislative history shows that a purpose of the statute was to provide settling plaintiffs with "rights similar to those of plaintiffs who prevail in a litigation action in court when a money judgment is entered in their favor and bears interest from the date of its entry"] [internal quotation marks and citation omitted]). Interest is based on the settlement sum of $750,000.00 at nine percent annually ($184.93 per day) for the thirty-six day period between the dates of tender and payment, November 21, 2022 to December 27, 2022. According to plaintiffs, the costs and disbursements are $200.00 and $870.00, respectively (NYSCEF Doc. No. 129, *exhibit A, bill of costs at 10-11*).

That said, plaintiffs' proposed judgment is for the settlement sum of $750,000.00, together with interest, costs, and disbursements. Plaintiffs are not entitled to a judgment for the settlement sum as they were already paid this amount (see *Davila v Cornelia 1731 Corp.*, 139 AD3d 999, 999-1000 [2d Dept 2016] [affirming the vacatur of a judgment for the settlement sum as the County Clerk entered the judgment after defendant paid the settlement sum]; see also *Hadier v Remington Place Assoc. LLC*, 302 AD2d 428, 428 [2d Dept 2003] [affirming a judgment that includes costs and interests where "plaintiff's acceptance of a payment" did not include the same]). Similarly, the court cannot award plaintiffs a judgment against D&G Holdings Inc. as plaintiffs' tender did not encompass this defendant, and because plaintiffs did not serve it with the motion (*see* CPLR 3215). Thus, plaintiffs are directed to correct the proposed judgment and file it in accordance with this decision and order. Accordingly, it is

**ORDERED** that the motion by plaintiffs Marcin Lizewski and Jasmin Delores Haylett Lizewski is denied against defendant D&G Holdings Inc.; and it is further

**ORDERED** that the motion by plaintiffs Marcin Lizewski and Jasmin Delores Haylett Lizewski is granted against defendants D&G Properties LLC (s/h/a DG Properties, LLC) and J&S Supply Corp. to the extent set forth below; and it is further

**ORDERED** that within twenty (20) days of entry of this order, plaintiffs shall serve a copy of this decision and order upon all defendants with notice of entry; and it is further

**156235/2018 LIZEWSKI, MARCIN vs. DG PROPERTIES LLC**
**Motion No. 003**

Page 3 of 4

3 of 4

[* 3]

**ORDERED** that plaintiffs shall file with the Clerk of the Court a revised proposed judgment consistent with this decision and order, together with the bill of costs and a copy of this decision and order with notice of entry, within twenty (20) days of this decision and order's date; and it is further

**ORDERED** that such filing shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the e-filing page on the court's website); and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of plaintiffs Marcin Lizewski and Jasmin Delores Haylett Lizewski and against defendants D&G Properties LLC (s/h/a DG Properties, LLC) and J&S Supply Corp., jointly and severally, for interest at a rate of nine percent per annum on the settlement sum of $750,000.00 from November 21, 2022 to December 27, 2022, with costs and disbursements as calculated by the Clerk upon plaintiffs' submission of the revised proposed judgment, together with the bill of costs and a copy of this decision and order.

__August 30, 2024__

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156235/2018   LIZEWSKI, MARCIN vs. DG PROPERTIES LLC**
**Motion No.  003**

Page 4 of 4

4 of 4