■ Steven E. Pegalis et al., Appellants, v G. Darcy Gibson et al., Respondents. [655 NYS2d 548] —On the Court's own motion, it is

Ordered that the unpublished decision and order of this Court dated March 3, 1997, in the above-entitled case, is

recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for architectural malpractice and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Schmidt, J.), dated December 27, 1995, which denied their motion to vacate a stipulation which provided that the complaint would be dismissed in the event that the plaintiff Harvey F. Wachsman failed to appear for an examination before trial.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is reinstated on condition that (1) the plaintiff Harvey F. Wachsman submit to an examination before trial to be held at a time and place to be fixed by written notice of not less than 20 days to be given by the defendant, or at such other time and place as the parties may agree, and (2) that James B. Baydar, Esq., personally pay $2,500 to the defendants' attorneys within 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event this condition is not complied with, the plaintiffs may within 10 days after the time for James B. Baydar, Esq., to make the payment expires, make the $2,500 payment in satisfaction of the condition; in the event that either of these conditions is not complied with, the order is affirmed, with costs.

Although a plenary suit is required where a stipulation relates to an action which has previously terminated (*see, Yonkers Fur Dressing Co. v Royal Ins. Co.*, 247 NY 435), this rule only applies in situations where the parties have unequivocally terminated their lawsuit (*see, Teitelbaum Holdings v Gold*, 48 NY2d 51, 56). An action is not automatically terminated by agreement unless there has been a showing "that the parties have executed *an express, unconditional stipulation of discontinuance*" (*Teitelbaum Holdings v Gold, supra*, at 56 [emphasis added]).

Here the stipulation entered into between the parties was an agreement to facilitate discovery and dispose of a pending motion to dismiss. As such, it was neither a stipulation of settlement nor an express, unconditional stipulation of discontinuance, but was more in the nature of a conditional order of preclusion reached by mutual consent. Accordingly, at the time that the plaintiffs moved to vacate the stipulation, the case was still before the court and had not been "previously terminated" (*Teitelbaum Holdings v Gold, supra*, at 55; *cf., Yonkers Fur Dressing Co. v Royal Ins. Co.*, 247 NY 435, *supra*). Therefore, the court retained jurisdiction to determine the motion on its merits.

Furthermore, the failure of Harvey F. Wachsman to appear for a deposition within the time frame allotted under the stipulation was neither willful nor contumacious, since his failure to appear was the result of the actions of his attorney, James B. Baydar, in improperly entering in his diary the time frame within which to conduct the deposition. Therefore, the complaint should not be dismissed (see, CPLR 2005; *Thadford Realty Co. v L. V. Income Props. Corp.*, 102 AD2d 823; *Mancusi v Middlesex Ins. Co.*, 102 AD2d 846; *Vanek v Mercy Hosp.*, 162 AD2d 680).

However, we note that the motion to dismiss which resulted in the stipulation was the third motion which the defense had to make in order to obtain discovery and/or Harvey F. Wachsman's deposition. Accordingly, in view of the unnecessary motion practice which the defendants were forced to undertake, the plaintiffs' attorney, James B. Baydar, Esq., is directed to personally pay the sum of $2,500 to the defendants' attorneys as a condition to the vacatur of the default (see, *Higgins v Community Hosp.*, 135 AD2d 607, 610; CPLR 5015 [a]). Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.