■ MADELEINE LISS, Respondent, v BRIGHAM PARK COOPERATIVE APARTMENTS SEC. NO. 3, INC., Appellant. (And a Third-Party Action.) [694 NYS2d 742] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Garson, J.), entered July 29, 1998, which granted the plaintiff's motion for costs, disbursements, and interest pursuant to CPLR 5003-a (e) for failure to timely tender a stipulated payment, and *sua sponte* awarded an attorney's fee to the plaintiff.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as *sua sponte* awarded an attorney's fee to the plaintiff is treated as an application for leave to appeal, and leave to appeal from that portion of the order is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, and the motion is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court improperly granted the plaintiff's motion for costs, disbursements, and interest pursuant to CPLR 5003-a (e). The plaintiff and the defendants stipulated to an award of damages in settlement of the instant action. However, the general release and stipulation of settlement sent by the plaintiff to the defendants were defective as they did not provide for release of the plaintiff's Medicare lien. Since the Federal Government has a right of subrogation and may collect the amount of the lien directly from the defendant (*see,* 42 CFR 411.24), it was incumbent upon the plaintiff to provide for the release of the lien in the general. release and stipulation of settlement.

The Supreme Court erred in *sua sponte* awarding an attorney's fee to the plaintiff since CPLR 5003-a (e) does not provide for an award of an attorney's fee (*see,* CPLR 5003-a [e]; *O'Meara v A & P, Inc.,* 169 Misc 2d 697). Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.