■ PAUL I. GRESSIN, Appellant, v NATIONAL LIFE INSURANCE COMPANY, Defendant, and EQUITABLE LIFE ASSURANCE SOCIETY

OF THE UNITED STATES, Respondent. [718 NYS2d 85] —In an action for a judgment declaring that the plaintiff is entitled to recover disability payments, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Lockman, J.), dated August 11, 1999, which denied his motion to enforce a stipulation of settlement against the defendant Equitable Life Assurance Society of the United States, and, in effect, declared that he was not entitled to disability payments, and (2) an order of the same court (DiNoto, J.), entered February 9, 2000, which denied the plaintiff's motion, in effect, for reargument.

Ordered that the appeal from the order dated February 9, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment dated August 11, 1999, is reversed, on the law, the order is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff held three disability insurance policies issued by the defendants, Equitable Life Assurance Society of the United States (hereinafter Equitable) and National Life Insurance Company. On October 7, 1991, the plaintiff filed claims for benefits, alleging that he had a "total disability" as defined under the policies. Equitable denied the claim and the plaintiff commenced the instant action in March 1992. On October 16, 1992, the plaintiff and Equitable entered into a stipulation which stated that the plaintiff was "totally disabled" and granted him insurance benefits of $2,700 per month on the condition that he "continues to provide proof of ongoing total disability in accordance with the terms of the policy." No stipulation of discontinuance was executed and no judgment was ever entered on the stipulation. On April 13, 1999, Equitable terminated the plaintiff's benefits, stating that its subsequent investigation of the plaintiff revealed that he was no longer totally disabled. The plaintiff brought the underlying motion to enforce the stipulation of settlement. The Supreme Court determined that the plaintiff failed to demonstrate that he was still totally disabled, denied the motion, and stated that the order and judgment constituted the "final conclusion" of the action.

Contrary to Equitable's contention, the plaintiff was not required to commence a plenary action to enforce the stipulation of settlement because the action had not been terminated by a stipulation of discontinuance or the entry of a judgment

(*see, Pegalis v Gibson,* 237 AD2d 420; *see also, Teitelbaum Holdings v Gold,* 48 NY2d 51).

On the merits, the record is inadequate to compare the plaintiff's condition at the time of the stipulation with his condition at the time of the motion. Additionally, the stipulation is ambiguous as to the proof required by the plaintiff to demonstrate his "ongoing total disability." Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine those issues, as well as any other issues pertinent to the final resolution of this action. Friedmann, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.