■ WILLIAM ANSBACH et al., Appellants, v BURTON GORSON et al., Respondents. [767 NYS2d 883]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Catterson, J.), dated May 12, 2003, which denied their motion for leave to enter judgment with interest pursuant to CPLR 5003-a upon the defendants' alleged failure to timely tender a settlement payment.

Ordered that the order is affirmed, with costs.

On October 18, 2002, on the eve of trial, the parties stipulated in open court to an award of damages in settlement of this medical malpractice action, and the plaintiffs thereafter executed a stipulation of discontinuance and a general release. The stipulation explicitly noted that the settlement was contingent upon the approval of the Suffolk County Legislature (hereinafter the Legislature).

The Legislature approved the settlement on December 9, 2002, and on December 23, 2002, the defendants moved, pursuant to General Municipal Law § 6-n, for judicial approval of the stipulation. The Supreme Court authorized payment from Suffolk County's insurance reserve fund on January 13, 2003, and the plaintiffs were paid on February 14, 2003.

On or about that date, however, the plaintiffs moved, pursuant to CPLR 5003-a, for leave to enter judgment with interest because the defendants allegedly had failed to tender timely payment.

The Supreme Court properly denied the motion, and the plaintiffs were not entitled to interest. Since the defendant Brookhaven Health Center East is a publicly operated facility pursuant to CPLR 5003-a (b), payment was not due until 90 days after tender of a duly executed stipulation of discontinuance and release. Moreover, payment of the settlement from the County's insurance reserve fund required judicial approval pursuant to General Municipal Law § 6-n. CPLR 5003-a (d) mandates that, in an action which requires judicial approval, a plaintiff also shall tender a copy of the order authorizing the settlement. The documents required to compel payment therefore were not completely tendered until January 13, 2003. Payment was issued on February 14, 2003, or less than 90 days thereafter (see *Liss v Brigham Park Coop. Apts. Sec. No. 3,* 264

AD2d 717, 718 [1999]; *Townsend v Felix Indus.*, 2002 NY Slip Op 40404[U] [App Term, 2d & 11th Jud Dists, June 26, 2002]; *cf. Hadier v Remington Place Assoc.*, 302 AD2d 428 [2003]; *Pothos v Arverne Houses*, 269 AD2d 377, 378 [2000]).

The appellants' remaining contentions are without merit. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.