*599 OPINION OF THE COURT
Donald Scott Kurtz, J.
Defendant moves for an order vacating the judgment entered against it on April 23, 2007 on the grounds that said judgment was obtained through misrepresentation or other misconduct of plaintiff, pursuant to CPLR 5015 (a) (3), and awarding attorney’s fees to the defendant for the cost of preparing and submitting the within motion.
This action arises out of a slip and fall accident that occurred while plaintiff, an employee of United Home Care Services, Inc., was exiting defendant’s building after visiting one of her patients. Plaintiff applied for and received workers’ compensation benefits in the amount of $76,322.78. After numerous settlement conferences, on October 13, 2006, this action was settled before trial for the sum of $135,000. As of the date of the settlement, the New York State Insurance Fund (hereinafter the lienholder) had a lien for workers’ compensation benefits paid to the plaintiff in the amount of $76,322.78, pursuant to section 29 of the Workers’ Compensation Law. By letter dated October 17, 2006, the lienholder consented to the settlement and agreed to accept $49,757.66 in full satisfaction of its Hen. However, there now appears to be a dispute as to the terms of the settlement.
Defendant maintains that it was made clear to plaintiffs attorney during settlement negotiations that a material condition of the settlement was that the workers’ compensation Hen would be satisfied out of the settlement proceeds and that defendant would issue a check directly to the Henholder to ensure the Hen was satisfied. Although this was vehemently denied during oral argument, it should be noted that plaintiffs attorney in his affirmation in opposition to the motion never disputes defendant’s attorney’s repeated representations that resolution of the Hen was specifically discussed during settlement negotiations and was a material condition of the settlement. However, on November 3, 2006, plaintiff sent defendant a demand for payment, a general release, a stipulation discontinuing the action and an affidavit from plaintiff, in accordance with CPLR 5003-a (b). The affidavit acknowledged the workers’ compensation Hen and stated that “I dispute the total amount of the Hen asserted of $49,757.66 under the KeHy formula but have authorized my attorneys to hold $49,757.66 in escrow pending a judicial determination of same.” The letter further stated that if payment were not received within 90 days, plaintiff would seek to enter a *600 judgment for the agreed upon amount together with interest, costs and disbursements. Defendant’s counsel alleges that upon receipt of said documents, he immediately contacted plaintiffs counsel by telephone and indicated that the documents were unsatisfactory and did not comply with the terms of the settlement. Defendant’s counsel claims that plaintiff’s counsel assured him that he would contact the lienholder and attempt to resolve the dispute. Plaintiffs counsel denies that conversation ever took place. By letter dated March 1, 2007, plaintiff again indicated that he would proceed to obtain a judgment if he did not receive payment. Defendant’s counsel alleges that he promptly responded by letter dated March 6, 2007, wherein he stated that upon receipt of the proper documents, defendant would remit payment. Plaintiffs counsel denies ever receiving the March 6th letter. On April 10, 2007, after 90 days had elapsed and payment was not received, plaintiff served defendant with a notice of settlement of judgment. (See CPLR 5003-a [b].) On April 20, 2007, a judgment was entered in the amount of $141,837.75, representing the settlement amount plus interest, costs and disbursements. Defendant now moves to vacate said judgment.
CPLR 5003-a (b) provides that
“[w]hen an action to recover damages has been settled and the settling defendant is a municipality or any subdivision thereof, or any public corporation that is not indemnified by the state, it shall pay all sums due to any settling plaintiff within ninety days of tender, by the settling plaintiff to it, of duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff.”
CPLR 5003-a (e) provides that “[i]n the event that a settling defendant fails to promptly pay all sums as required by subdivisions (a), (b), and (c) of this section, any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid.” However, where there is a lien with a right of subrogation to collect the amount of the lien directly from the defendant, the general release and stipulation of settlement must provide for release of said lien or the release is defective. (See Liss v Brigham Park Coop. Apts. Sec. No. 3, 264 AD2d 717 [2d Dept 1999].)
Although plaintiff sent a release and stipulation of discontinuance to defendant, the release did not provide for satisfaction of the lien. Moreover, the lienholder never agreed to allow plaintiff’s attorney to hold the money in escrow or serve as *601 escrow agent. (See Grossman v Fieland, 107 AD2d 659 [2d Dept 1985]; 55 NY Jur 2d Escrows § 3.) Therefore, defendant is subject to an independent lawsuit by the lienholder. Finally, the release given by plaintiff did not state that defendant would be held harmless or indemnified for all costs and expenses, including attorney’s fees, if the lienholder decided to exercise its subrogation rights against defendant. Therefore, the release was invalid. (See Liss v Brigham Park Coop. Apts. Sec. No. 3, supra.) Consequently, the judgment must be vacated. Unless and until a motion to vacate the settlement and restore the case to the trial calendar is made, the case will remain deemed settled. Upon plaintiffs tendering of a valid release, defendant will be required to make payment within the time frame set forth in the CPLR.
In view of the foregoing, defendant’s motion is granted to the extent that the judgment is vacated. Defendant’s request for attorney’s fees and costs is denied.