■ MATTHIEU MACENO, Appellant, v KETLY DUTREVIL et al., Respondents. [909 NYS2d 637]—In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated May 13, 2009, as denied those branches of his motion which were, among other things, to discharge and impose sanctions on his attorney, to disqualify and impose sanctions on the defendants' attorneys, and to preclude the defendant French Speaking Baptist Church of Nassau, Inc., from offering testimony at trial.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court did not improvidently exercise its discre-

tion in denying that branch of the plaintiff's motion which was to disqualify the defendants' attorneys, inasmuch as the plaintiff failed to make a clear showing that disqualification was warranted (*see Olmoz v Town of Fishkill*, 258 AD2d 447 [1999]). Likewise, the Supreme Court did not improvidently exercise its discretion in denying, without prejudice, that branch of the plaintiff's motion which was to discharge his own attorney. As the Supreme Court made clear, the plaintiff remains free to discharge his attorney, or to seek a court order discharging his attorney, by complying with the proper procedure (*see* CPLR 321 [b]; *Moustakas v Bouloukos*, 112 AD2d 981, 983 [1985]; *cf. Splinters, Inc. v Greenfield*, 63 AD3d 717, 719 [2009]).

The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was to impose sanctions on the defendants' counsel or his own counsel, inasmuch as there was no showing that any of those attorneys had engaged in conduct warranting the imposition of sanctions (*see* 22 NYCRR 130-1.1).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.