JAMIE L. TORRES, Appellant, v HIRSCH PARK, LLC, Respondent. [938 NYS2d 145]—

Under the circumstances of this case, the Supreme Court properly granted that branch of the defendant's cross motion

which was pursuant to CPLR 2601 for leave to pay the proceeds of the parties' settlement agreement into court, and to stay the plaintiff from entering judgment pending his compliance with a prior order directing him, in effect, to provide the defendant with authorizations to obtain his Medicare and Medicaid records. The general release and stipulation of settlement tendered by the plaintiff to the defendant were defective because they failed to include any provisions releasing and holding the defendant harmless from potential Medicare and Medicaid liens (*see Liss v Brigham Park Coop. Apts. Sec. No. 3*, 264 AD2d 717, 718 [1999]; *cf. Klee v Americas Best Bottling Co., Inc.*, 76 AD3d 544 [2010]), or acknowledging that any such liens would be satisfied from the settlement proceeds (*cf. Tencza v St. Elizabeth Med. Ctr.*, 87 AD3d 1375 [2011]). Thus, the plaintiff did not satisfy a condition precedent to the entry of judgment pursuant to CPLR 5003-a. Further, the authorizations that the Supreme Court directed the plaintiff to provide are necessary for the defendant to comply with its statutory duty to report the identity of a claimant who is entitled to Medicare benefits (*see* 42 USC § 1395y [b] [8]), and to determine the existence of potential subrogation claims (*see Liss v Brigham Park Coop. Apts. Sec. No. 3*, 264 AD2d at 718; 42 USC § 1395y [b] [2] [B] [iii]; 42 CFR 411.24 [b]; Social Services Law § 367-a [2] [b]). Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.