■ LILY HSU et al., Respondents, v CARLYLE TOWERS COOPERATIVE "B," INC., et al., Appellants, et al., Defendants. [960 NYS2d 433]—

In an action, inter alia, to set aside a foreclosure sale of the plaintiffs' shares in a residential cooperative corporation, the defendants Carlyle Towers Cooperative "B," Inc., All Area Realty Services, Inc., and All Area Property Management Co. appeal from so much of an order of the Supreme Court, Queens County (James J. Golia, J.), entered March 30, 2011, as, upon denying, as academic, that branch of the motion of the plaintiff Lily Hsu, made pro se, which was to discharge the plaintiffs' attorney and permit the plaintiffs to proceed pro se, granted that branch of the motion which was to enforce the parties' stipulation of settlement and, in effect, denied their cross motion for an award of an attorney's fee and, in effect, to preclude the plaintiff Lily Hsu from moving pro se for any relief other than to discharge the plaintiffs' attorney and permit the plaintiffs to proceed pro se.

Ordered that on the Court's own motion, so much of the order as denied, as academic, that branch of the motion of the plaintiff Lily Hsu which was to discharge the plaintiffs' attorney and permit the plaintiffs to proceed pro se is vacated, and that branch of the motion of the plaintiff Lily Hsu is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In this action, inter alia, to set aside a foreclosure sale of the plaintiffs' shares in a residential cooperative corporation, the parties entered into a stipulation of settlement. The plaintiffs were represented by an attorney when they entered into the stipulation of settlement. Subsequently, the plaintiff Lily Hsu moved, pro se, to enforce the stipulation of settlement and to discharge the plaintiffs' attorney and permit the plaintiffs to

proceed pro se. The defendants Carlyle Towers Cooperative "B," Inc. (hereinafter the Cooperative), All Area Realty Services, Inc., and All Area Property Management Co. (hereinafter collectively the appellants) opposed that branch of the motion which was to enforce the stipulation of settlement and cross-moved, among other things, for an award of an attorney's fee. The appellants argued that at the time Hsu made her motion, she was still represented by the plaintiffs' attorney, and thus, pursuant to CPLR 321 (a), Hsu was not permitted to make a motion for any substantive relief, other than for the discharge of the plaintiffs' attorney.

In the order appealed from, the Supreme Court granted that branch of Hsu's motion which was to enforce the stipulation of settlement. The Supreme Court denied, as academic, that branch of Hsu's motion which was to discharge the plaintiffs' attorney and to permit the plaintiffs to proceed pro se. In this regard, the Supreme Court reasoned that, because the parties entered into the stipulation of settlement, the action was resolved and concluded, and, therefore, the plaintiffs were no longer represented by the attorney who represented them in the action. Moreover, the plaintiffs had not obtained counsel to represent them in this post-disposition motion. Thus, the Supreme Court did not deem the plaintiffs to be represented by counsel, denied this branch of Hsu's motion as academic, and did not consider whether to consent to allowing the plaintiffs to proceed pro se (see CPLR 321 [a]). Finally, the Supreme Court, in effect, denied the appellants' cross motion.

Contrary to the Supreme Court's determination, that branch of Hsu's motion which was to discharge the plaintiffs' attorney such that the plaintiffs may proceed pro se was not rendered academic by the stipulation of settlement in this action. Although the portion of the order appealed from which denied, as academic, that branch of Hsu's motion which was to discharge the plaintiffs' attorney and permit the plaintiffs to proceed pro se is not directly before this Court on the limited appeal, under the circumstances of this case, in the interest of judicial economy, and since the resolution of this issue is inextricably intertwined with the issues raised on appeal (see Matter of Burk, 298 NY 450, 455 [1949]; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 517 [1997]), we vacate that portion of the order and determine the merits of that branch of the motion. The Supreme Court should have granted that branch of the motion, and, in fact, could not have denied that branch of the motion, as it involved the performance of a ministerial act (see CPLR 321 [b] [2]). "[A] client may, as a matter of public policy,

discharge an attorney at any time, with or without cause . . . in the manner prescribed by statute" (*Moustakas v Bouloukos*, 112 AD2d 981, 983 [1985] [citations omitted]; *see Maceno v Dutrevil*, 77 AD3d 888, 888 [2010]). Indeed, the appellants did not oppose that branch of the motion.

Contrary to the appellants' contention, "the plaintiff[s] w[ere] not required to commence a plenary action to enforce the stipulation of settlement because the action had not been terminated by a stipulation of discontinuance or the entry of a judgment" (*Gressin v National Life Ins. Co.*, 278 AD2d 451, 452-453 [2000]; *see Teitelbaum Holdings v Gold*, 48 NY2d 51 [1979]; *Pegalis v Gibson*, 237 AD2d 420 [1997]). "An action is not automatically terminated by agreement unless there has been a showing 'that the parties have executed *an express, unconditional stipulation of discontinuance*' " (*Pegalis v Gibson*, 237 AD2d 420, 421 [1997], quoting *Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]). Furthermore, the Supreme Court properly granted that branch of Hsu's motion which was to enforce the stipulation of settlement.

The appellants' contention that the Cooperative's actions in determining that the plaintiffs tampered with an electric meter, and in charging the plaintiffs for the replacement of the meter, are immune from judicial review based on the business judgment rule or a rule analogous thereto (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]; *Oakwood On The Sound, Inc. v David*, 63 AD3d 893, 894 [2009]) is improperly raised for the first time on appeal, and therefore is not properly before this Court (*see Shilkoff v Longhitano*, 94 AD3d 974 [2d Dept 2012]).

The appellants' assertion in their reply brief that this Court should strike the plaintiffs' brief for its failure to comply with the form and content requirements of 22 NYCRR 670.10.3 is not properly before this Court, as the appellants failed to make a motion on notice for this relief (*see Barrett v New York City Tr. Auth.*, 80 AD3d 550, 551 [2011]).

The appellants' remaining contention is without merit. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.