■ NATHANIEL PITT, JR., Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [964 NYS2d 631]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Sherman, J.), dated June 16, 2011, as denied his motion pursuant to CPLR 5003-a (e) to direct entry of a judgment awarding him interest on the amount of the parties' settlement, plus costs and disbursements, based on the defendant's alleged failure to promptly pay the settlement amount in accordance with CPLR 5003-a (b).

Ordered that the order is affirmed insofar as appealed from, with costs.

The purpose of CPLR 5003-a is to encourage the prompt pay-

ment of damages in settled actions (*see Klee v Americas Best Bottling Co., Inc.*, 76 AD3d 544, 545 [2010]; *Cunha v Shapiro*, 42 AD3d 95, 101 [2007]). To that end, CPLR 5003-a (b), which is applicable to this case, provides that a settling defendant subject to that subdivision shall pay the sums due to the plaintiff under the settlement within 90 days after the plaintiff's tender of a duly executed release and stipulation of discontinuance. In the event that payment is not made within the contemplated time period, the plaintiff may pursue the entry of a judgment for the settlement amount plus interest, costs, and disbursements in accordance with CPLR 5003-a (e).

Here, contrary to the plaintiff's contention, the general release provided by the plaintiff was defective, since it expressly excluded potential subrogation claims against the defendant. Therefore, it was insufficient to trigger the 90-day period within which the defendant was required to make payment of the settlement amount, and, accordingly, the plaintiff was not entitled to seek a judgment based on nonpayment under CPLR 5003-a (e) (*see Torres v Hirsch Park, LLC*, 91 AD3d 942, 943 [2012]; *Ansbach v Gorson*, 2 AD3d 471 [2003]; *Liss v Brigham Park Coop. Apts. Sec. No. 3*, 264 AD2d 717, 718 [1999]; *White v New York City Hous. Auth.*, 16 Misc 3d 598, 600-601 [2007]). Moreover, the record supports the conclusion that the defendant timely made payment within 90 days after its subsequent receipt of the documents that ultimately cured the defect.

Accordingly, the Supreme Court correctly denied the plaintiff's motion to direct entry of a judgment pursuant to CPLR 5003-a (e). Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.