■ CHRIS STIER, Respondent, v ONE BRYANT PARK LLC et al., Defendants, and BANK OF AMERICA CORP., Appellant. [997 NYS2d 377]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 31, 2013, which, to the extent appealed from as limited by the briefs, upon reargument, adhered to the original determination granting plaintiff's motion to strike defendant Bank of America Corp's answer for failure to timely provide discovery, unanimously reversed, on the law and the facts, without costs, defendant's answer reinstated and the matter remanded to the IAS court for a calculation of attorneys' fees and costs in accordance with this decision.

Defendant demonstrated that it undertook diligent efforts to comply with the court's orders in response to plaintiff's motion to strike (see *Allstate Ins. Co. v Buziashvili,* 71 AD3d 571, 573 [1st Dept 2010]). Plaintiff had caused earlier extended delays in scheduling a deposition, and the record does not reveal that plaintiff suffered any prejudice directly attributable to defendant's delay (cf. *Loeb v Assara N.Y. I L.P.,* 118 AD3d 457, 457 [1st Dept 2014]). Under these circumstances, while we agree with

the motion court that some sanction is appropriate, the extreme sanction of striking the answer is not appropriate (*see Elias v City of New York*, 71 AD3d 506, 507 [1st Dept 2010]). Since defendant made a significant effort to comply with the compliance order only after plaintiff filed the motion to strike defendant's answer, under the circumstance here, defendant should pay the attorneys' fees and costs incurred by plaintiff in making the motion to strike; we remand to the motion court for the calculation of such fees and costs (*see 241 Fifth Ave. Hotel, LLC v GSY Corp.*, 110 AD3d 470, 471-472 [1st Dept 2013]). Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.