■ CARLOS TORRES, Appellant, v VISTO REALTY CORP., Respondent. [8 NYS3d 59]—Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered April 4, 2014, which upon defendant's motion, vacated the portions of the judgment, same court and Justice, entered November 21, 2013, awarding plaintiff interest, costs, and disbursements, and attorneys' fees, if any, as calculated in the judgment, vacated all future interests, costs, disbursements, and attorneys' fees, if any, accrued after entry of the judgment, ordered that no further interest, costs, disbursements and attorneys' fees, if any, are to accrue, ordered plaintiff's counsel to provide a satisfaction of judgment to defendant's counsel and file an amended or modified judgment in the amount of $200,000 within 20 days, and ordered plaintiff to provide an affidavit that he is not and was not a Medicare recipient at the time of the accident within 30 days, unanimously affirmed, without costs.

Contrary to plaintiff's contention, the court properly found that plaintiff did not satisfy his obligations under CPLR 5003-a, since he failed to provide defendant with the information relating to his Medicare status that defendant requires to comply with its reporting obligations under 42 USC § 1395y (see Liss v Brigham Park Coop. Apts. Sec. No. 3, 264 AD2d 717 [2d Dept 1999]; Torres v Hirsch Park, LLC, 91 AD3d 942 [2d Dept 2012]; 42 CFR 411.24 [b]; 42 USC § 1395y [b] [8]; see also Cely v O'Brien & Kreitzberg, 45 AD3d 368 [1st Dept 2007]). Concur—Acosta, J.P., Saxe, Moskowitz, Richter and Feinman, JJ.