■ Incorporated Village of Hewlett Harbor, Appellant, v Effy Bouzalglo et al., Respondents. [14 NYS3d 698]—

In an action, inter alia, to recover damages for public nuisance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), dated March 6, 2014, as denied its motion to enforce the terms of the parties' stipulation of settlement dated May 14, 2013, and for certain injunctive relief on the ground that a plenary action was required to enforce the stipulation of settlement.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the plaintiff's motion on the merits.

In May 2012, the plaintiff commenced this action alleging, among other things, that the defendants had stored several abandoned and junked cars on their property, and operated a used and antique car dealership from their property, in violation of chapters 4 and 145 of the Code of the Village of Hewlett

Harbor. Thereafter, on May 13, 2013, the parties executed a stipulation of settlement providing, among other things, that the defendants would comply with section 4-2 of the Code of the Village of Hewlett Harbor by registering all of the vehicles on their property on or before September 15, 2013. In November 2013, the plaintiff, asserting that the defendants had not complied with the stipulation of settlement, moved to enforce the stipulation and for certain injunctive relief. In the order appealed from, the Supreme Court, as pertinent here, denied the plaintiff's motion on the ground that a plenary action was required to enforce the stipulation of settlement. The plaintiff appeals, and we reverse the order insofar as appealed from.

Contrary to the Supreme Court's determination, the plaintiff was not required to commence a plenary action to enforce the stipulation of settlement because the action had not been terminated by a stipulation of discontinuance or the entry of a judgment (*see Teitelbaum Holdings v Gold*, 48 NY2d 51, 55 [1979]; *Town of Carmel v Melchner*, 105 AD3d 82, 98 [2013]; *Hsu v Carlyle Towers Coop. "B," Inc.*, 102 AD3d 835, 837 [2013]; *Gressin v National Life Ins. Co.*, 278 AD2d 451, 452-453 [2000]). "An action is not automatically terminated by agreement unless there has been a showing 'that the parties have executed an express, unconditional stipulation of discontinuance' " (*Pegalis v Gibson*, 237 AD2d 420, 421 [1997], quoting *Teitelbaum Holdings v Gold*, 48 NY2d at 56). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a determination of the plaintiff's motion on the merits. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.