■ LOUIS GARAFALO, as Executor of ANDREW JOSEPH GARAFALO, Deceased, Appellant, v SEAN PHILIPS MAYOKA et al., Respondents. [57 NYS3d 211]—

In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated June 8, 2015, which denied his motion to vacate a stipulation of discontinuance.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the plaintiff's motion to vacate the stipulation of discontinuance is granted.

The plaintiff, represented by attorney Edwin T. Mulhern, commenced this wrongful death action as the executor of the estate of his son. By letter dated October 1, 2014, Mulhern advised the attorneys for the defendants Sean Philips Mayoka and Mark L. Mayoka (hereinafter together the Mayokas) that he no longer represented the plaintiff and that all future contact and correspondence should be sent directly to the plaintiff. On October 7, 2014, Mulhern notified the attorneys for the defendant Tara Ruocco that he was no longer representing the plaintiff. However, the plaintiff and Mulhern did not comply with CPLR 321 (b), either by signing and filing a consent to change attorney form, or by obtaining a court order discharging Mulhern as the plaintiff's attorney.

Thereafter, purporting to act pro se, the plaintiff executed a stipulation of discontinuance with prejudice dated October 8, 2014, which he sent to the respective attorneys for the Mayokas and Ruocco after advising the attorneys that he was discontinuing the action. The attorney for the defendant Tara Ruocco requested a court conference, which was held on November 10, 2014. On that same date, a consent to change attorney form was executed by Mulhern and the plaintiff's new attorney, who apparently advised the court at the conference that the plaintiff had changed his mind and did not wish to discontinue the action. The plaintiff's subsequent motion to vacate the stipulation of discontinuance was denied, and he appeals.

"Although a client may, as a matter of public policy, discharge an attorney at any time, with or without cause (*Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 556), an attorney of record in an action may only withdraw or be changed or discharged in the manner prescribed by statute" (*Moustakas v Bouloukos*, 112 AD2d 981, 983 [1985]; *see* CPLR 321 [b]; *Maceno v Dutrevil*, 77 AD3d 888, 889 [2010]). "Until an attorney of record withdraws or is changed or discharged in the manner prescribed by CPLR 321, his [or her] authority as attorney of record for his [or her] client continues, as to adverse parties, unabated" (*Moustakas v Bouloukos*, 112 AD2d at 983; *see Farage v Ehrenberg*, 124 AD3d 159, 165 [2014]).

Here, at the time that the plaintiff executed the stipulation of discontinuance, he and Mulhern had not signed and filed a consent to change attorney form or sought a court order permitting Mulhern to withdraw as the plaintiff's counsel. Thus, as to the defendants, Mulhern still was the plaintiff's attorney (*see Farage v Ehrenberg*, 124 AD3d at 165-166), and the plaintiff was not permitted to act pro se without consent of the court (*see* CPLR 321 [a]). Accordingly, the plaintiff's motion to

vacate the stipulation of discontinuance should have been granted. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.