Kumar v Demasi (2019 NY Slip Op 02079)





Kumar v Demasi


2019 NY Slip Op 02079


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-13289
 (Index No. 5164/15)

[*1]Jagendra Kumar, appellant, 
v
Jules Demasi, respondent.


Thomas D. Wilson, P.C., Brooklyn, NY, for appellant.
Rankin Savidge, PLLC, Floral Park, NY (Thomas Torto of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated November 21, 2017. The order denied the plaintiff's motion pursuant to CPLR 5251 to hold the defendant in contempt for failure to pay a judgment of the same court entered June 22, 2017, pursuant to CPLR 5003-a(e) or to respond to an information subpoena, and granted the defendant's cross motion to vacate the judgment and to quash the information subpoena.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The plaintiff commenced this personal injury action against the defendant in April 2015, after the defendant hit the plaintiff with his car while the plaintiff was crossing a street in Brooklyn. The defendant's automobile insurer, Tri-State Consumer Insurance Company (hereinafter Tri-State), retained counsel on behalf of the defendant. It is undisputed that the action was settled in the Supreme Court on May 18, 2017, for $16,000. According to the plaintiff's counsel, while the settlement was entered in the court's minute book for this case, no transcript or other record of the settlement exists.
In a letter from Tri-State to the plaintiff dated May 18, 2017, Tri-State stated that the case had been settled, and that the plaintiff should return a general release that included Tri-State's name "next to [its] Insured's name." Tri-State also stated that the plaintiff needed to supply a Medicare/Medicaid lien release that Tri-State "require[s] on all settlements." Tri-State provided its required release form with the letter. Tri-State further demanded that the plaintiff supply a letter from the Centers for Medicare and Medicaid Services (hereinafter CMS), advising that no outstanding liens exist. Tri-State's letter also directed that the "Stipulation of Discontinuance should be addressed to the Law Offices of Carolyn S. Rankin," the same counsel who had negotiated the settlement in court on the defendant's behalf.
On the same day, May 18, 2017, the plaintiff executed a general release in favor of the defendant only, with no mention of Tri-State, and a stipulation of discontinuance which named [*2]"McNicholas & Lee, P.C.," rather than Rankin, as the attorney of record for the defendant. It also appears that the plaintiff executed Tri-State's Medicare/Medicaid lien release form and transmitted it to Tri-State. By email dated June 19, 2017, Tri-State informed the plaintiff that the general release and the stipulation of discontinuance were defective, and that a letter from CMS regarding liens had not been supplied. Tri-State requested that all the documents be corrected "so that [it] can conclude with payment."
Rather than comply with Tri-State's request, on June 22, 2017, the plaintiff filed a judgment against the defendant for the settlement amount, plus costs and disbursements, pursuant to CPLR 5003-a(e) and served an information subpoena with a restraining notice on the defendant pursuant to CPLR 5222 and 5224. By order to show cause dated August 1, 2017, the plaintiff moved to hold the defendant in contempt for failure to pay the judgment or respond to the subpoena. The defendant cross-moved to vacate the judgment on the ground that the plaintiff had failed to comply with CPLR 5003-a by failing to tender a complete general release and an accurate stipulation of discontinuance, and to quash the information subpoena. In an order dated November 21, 2017, the Supreme Court granted the defendant's cross motion and denied the plaintiff's motion. The plaintiff appeals.
The purpose of CPLR 5003-a is to encourage the prompt payment of damages in settled actions (see Davila v Cornelia 1731 Corp., 139 AD3d 999, 999; Pitt v New York City Hous. Auth., 106 AD3d 797, 797-798). CPLR 5003-a(a) provides that a settling defendant "shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff." If the settling defendant fails to pay the sum due under the settlement agreement within 21 days of tender of the required documents, the plaintiff may, without further notice, pursue the entry of a judgment in the amount of the settlement, plus interest, costs, and disbursements (see CPLR 5003-a[e]; Pitt v New York City Hous. Auth., 106 AD3d at 798; Klee v Americas Best Bottling Co., Inc., 76 AD3d 544). A judgment predicated upon a defendant's failure to make timely payment may not be entered where the plaintiff tenders a defective general release or a defective stipulation of discontinuance following the settlement (see Liss v Brigham Park Coop. Apts. Sec. No. 3, 264 AD2d 717).
Here, the terms of the parties' agreement, if any, with regard to the documents to be provided as a condition precedent to the payment of the settlement sum and, consequently, the plaintiff's compliance with CPLR 5003-a(a) cannot be determined on the record before this Court (cf. Diarassouba v Urban, 71 AD3d 51). Although the plaintiff, in his opposition to defendant's cross motion, referenced the minute book entry memorializing the parties' settlement, neither party submitted the minute book entry to the Supreme Court as an exhibit, and therefore, it has not been included in the record on appeal (cf. Deal v Meenan Oil Co., 153 AD2d 665; Graffeo v Brenes, 85 AD2d 656). Under these circumstances, the matter must be remitted to the Supreme Court, Kings County, for further proceedings to determine the terms of the parties' agreement, if any, with respect to the documents that were to be provided as a condition precedent to the payment of the settlement sum and, based on this determination, a new determination of that branch of the defendant's cross motion which was to vacate the judgment. In light of our determination, the matter must also be remitted for a new determination thereafter of the plaintiff's motion to hold the defendant in contempt and that branch of the defendant's cross motion which was to quash the information subpoena.
We note, however, that the stipulation of discontinuance tendered by the plaintiff is sufficient to satisfy the conditions of CPLR 5003-a(a). " [A]n attorney of record in an action may only withdraw or be changed or discharged in the matter prescribed by statute'" (Garafalo v Mayoka, 151 AD3d 1018, 1019, quoting Moustakas v Bouloukos, 112 AD2d 981, 983). Pursuant to CPLR 321(b), an attorney of record may be changed either by filing with the clerk a consent to the change signed by the retiring attorney and signed and acknowledged by the party, with notice of the change given to the attorneys for all parties in the action, or by order of court upon notice to all parties. " Until an attorney of record withdraws or is changed or discharged in the manner prescribed by CPLR 321, his [or her] authority as attorney of record for his [or her] client continues, as to adverse [*3]parties, unabated'" (Garafalo v Mayoka, 151 AD3d at 1019, quoting Moustakas v Bouloukos, 112 AD2d at 983).
Here, at the time that the plaintiff executed the stipulation of discontinuance, counsel of record for the defendant was McNicholas & Lee, P.C. Although Rankin appeared in court on behalf of the defendant and ultimately negotiated the settlement on behalf of the defendant, and it is undisputed that she had the authority to do so, neither she, nor McNicholas & Lee, P.C., nor the defendant had signed or filed a consent to change attorney form or sought a court order permitting McNicholas & Lee, P.C., to withdraw as the defendant's counsel (see CPLR 321[b]). Thus, the stipulation of discontinuance was not defective.
We further note that since the relevant governmental authorities may have a right to a lien on certain portions of a personal injury judgment or settlement on account of payments made for medical expenses and may collect the amount of the lien directly from the defendant, it is incumbent upon a plaintiff to provide for the release of any such lien in the release to be provided to the defendant (see Liss v Brigham Park Coop. Apts. Sec. No. 3, 264 AD2d at 718). It appears from the record that, in this case, the plaintiff did so by executing the form presented by Tri-State which addressed the issue of liens, inter alia, by providing that the plaintiff was responsible for the payment of any liens, and that the plaintiff would defend and indemnify the defendant from any claims for the recovery of any lien. Absent an agreement by the plaintiff to obtain additional or further documentation from any third party, including CMS, as a condition precedent to settlement, and absent any statutory requirement that the plaintiff obtain such documentation, Tri-State's demand that the plaintiff obtain documents from CMS before it would pay the settlement to the plaintiff was unauthorized.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court