GMAC Mtge., LLC v Galvin (2020 NY Slip Op 03405)





GMAC Mtge., LLC v Galvin


2020 NY Slip Op 03405


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2019-05941
 (Index No. 37950/11)

[*1]GMAC Mortgage, LLC, respondent, 
v
Mary Galvin, et al., defendants; Regina Galvin, nonparty-appellant.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for nonparty-appellant.
Hinshaw & Culbertson LLP, New York, NY (Schuyler B. Kraus and Kyle M. Medley of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Regina Galvin appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated February 26, 2019. The order, insofar as appealed from, denied that branch of the motion of nonparty Regina Galvin which was to confirm that the action has been discontinued.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of nonparty Regina Galvin which was to confirm that the action has been discontinued is granted.
The plaintiff commenced this action to foreclose a mortgage. In an affirmation of counsel dated October 17, 2013, and recorded with the Suffolk County Clerk's Office on March 20, 2014, the plaintiff's counsel directed the Clerk to cancel the notice of pendency filed in the action, stating that "there now exists as a matter of law no basis for this Cause of Action." In a "Statement to Discontinue Action" also dated October 17, 2013, and filed on March 20, 2014, the plaintiff's counsel consented to discontinue the action and to cancel and discharge of record the notice of pendency filed in the action (hereinafter the stipulation of discontinuance). In a stipulation dated December 14, 2013, the attorney of record for the plaintiff in this action was purportedly changed.
By order to show cause dated June 26, 2018, nonparty Regina Galvin (hereinafter the appellant) moved, inter alia, to confirm that the action has been discontinued, based upon the affirmation of counsel and the stipulation of discontinuance recorded and filed, respectively, on March 20, 2014. The Supreme Court denied that branch of the appellant's motion, determining that the stipulation of discontinuance filed by the plaintiff's prior counsel was invalid because CPLR 3217(a) provides that a voluntary discontinuance must be signed by the attorneys of record for all parties. According to the court, "neither defendant's attorney, nor plaintiff's then attorney of record executed the required written stipulation."
" [A]n attorney of record in an action may only withdraw or be changed or discharged in the manner prescribed by statute'" (Garafalo v Mayoka, 151 AD3d 1018, 1019, quoting Moustakas v Bouloukos, 112 AD2d 981, 983). Pursuant to CPLR 321(b), an attorney of record may [*2]be changed either by filing with the clerk a consent to the change signed by the retiring attorney and signed and acknowledged by the party, with notice of the change given to the attorneys for all parties in the action, or by order of court upon notice to all parties. " Until an attorney of record withdraws or is changed or discharged in the manner prescribed by CPLR 321, his [or her] authority as attorney of record for his [or her] client continues, as to adverse parties, unabated'" (Garafalo v Mayoka, 151 AD3d at 1019, quoting Moustakas v Bouloukos, 112 AD2d at 983).
Here, the stipulation of discontinuance was executed by an attorney with the plaintiff's then attorney of record, Stein, Wiener & Roth, LLP (hereinafter outgoing counsel). Though the plaintiff's stipulation to change its attorney was filed prior to the date on which the stipulation of discontinuance was filed, and was signed by outgoing counsel and incoming counsel, no agent or representative of the plaintiff signed the change-of-attorney stipulation. Nor does the record establish that notification of the plaintiff's change in attorney was provided to any other party, or to the appellant, prior to the date on which the stipulation of discontinuance was filed. Accordingly, the plaintiff neither filed a properly signed consent to change attorney form nor sought a court order permitting outgoing counsel to withdraw as the plaintiff's attorney of record in accordance with CPLR 321(b) prior to the filing of the stipulation of discontinuance. Under these circumstances, the stipulation of discontinuance was not defective (see CPLR 3217[a]; Kumar v Demasi, 170 AD3d 986, 989), and the Supreme Court should have granted that branch of the appellant's motion which was to confirm that the action has been discontinued.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court