Conroy v Conroy (2023 NY Slip Op 01776)

Conroy v Conroy

2023 NY Slip Op 01776

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-09787
2019-09790
 (Index No. 508932/16)

[*1]Robert Conroy, respondent,
v
Christopher Conroy, appellant.

Anthony M. Bramante, Brooklyn, NY, for appellant.
Richard A. Klass, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action for the partition and sale of real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 5, 2019, and (2) an order of the same court (Lawrence Knipel, J.) dated July 9, 2019. The order dated June 5, 2019, granted the plaintiff's motion pursuant to RPAPL 915 for an interlocutory judgment appointing a referee to sell the subject property at public auction to the extent of directing the appointment of a real estate broker to sell the subject property and, in the event the real estate broker was unable to sell the property within the listing period, the appointment of a referee to sell the property. The order dated July 9, 2019, upon the order dated June 5, 2019, inter alia, appointed a real estate broker to sell the subject property.
ORDERED that the orders are affirmed, with one bill of costs.
The plaintiff and the defendant own a parcel of real property in Brooklyn as tenants in common. In May 2016, the plaintiff commenced this action seeking, among other relief, the appointment of a referee to determine the rights of the parties with respect to the ownership of the property and to sell the property. On February 8, 2018, the parties entered into an agreement in open court in which they agreed, among other things, that the property would be listed for sale with a real estate broker at various prices depending on how long the property remained on the market. On August 6, 2018, the parties entered into a written stipulation, which, among other things, modified the February 8, 2018 agreement by providing that the property would be taken off the market and relisted for sale in September 2018. The stipulation also set forth how the proceeds of any sale would be divided, and provided that the action was settled except for the enforcement of the terms of the stipulation.
The parties allegedly were unable to reach an agreement regarding the listing price of the property, and, in October 2018, the plaintiff moved pursuant to RPAPL 915 for an interlocutory judgment appointing a referee to sell the property at public auction. By order dated June 5, 2019, the Supreme Court granted the motion to the extent of directing the appointment of a real estate broker to sell the property and, in the event the real estate broker was unable to sell the property within the listing period, the appointment of a referee to sell the property. By order dated July 9, 2019, the court, upon the order dated June 5, 2019, inter alia, appointed a real estate broker [*2]to sell the subject property. The defendant appeals.
The defendant contends that the Supreme Court erred in granting the plaintiff's motion because the action had been terminated by the parties' stipulation, and, therefore, the plaintiff was required to commence a plenary action. This contention is without merit.
"Although a plenary [action] is required where a stipulation relates to an action which has previously terminated, this rule only applies in situations where the parties have unequivocally terminated their [action]" (Pegalis v Gibson, 237 AD2d 420, 421 [citation omitted]; see Teitelbaum Holdings v Gold, 48 NY2d 51, 56). An action is not automatically terminated by agreement unless there has been a showing "that the parties have executed an express, unconditional stipulation of discontinuance" (Teitelbaum Holdings v Gold, 48 NY2d at 56; see Incorporated Vil. of Hewlett Harbor v Bouzalglo, 131 AD3d 512, 513; Pegalis v Gibson, 237 AD2d at 421).
Here, the stipulation entered into between the parties was an agreement to the terms of the sale of the property and the distribution of the proceeds of that sale. It was not an express, unconditional stipulation of discontinuance of the action, and the stipulation by its own terms left the Supreme Court jurisdiction to enforce it. Accordingly, contrary to the defendant's contention, at the time the plaintiff moved to appoint a referee to sell the property, the action had not been terminated and the court retained jurisdiction to determine the motion on its merits (see Teitelbaum Holdings v Gold, 48 NY2d at 55; Pegalis v Gibson, 237 AD2d at 421).
The defendant's remaining contention is without merit.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court