Operr Plaza, LLC v Wang (2024 NY Slip Op 02373)

Operr Plaza, LLC v Wang

2024 NY Slip Op 02373

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ. 

Index No. 654192/21 Appeal No. 2202 Case No. 2022-00695 

[*1]Operr Plaza, LLC, et al., Plaintiffs-Respondents,
v
Kevin S. Wang, Defendant-Appellant.

Wood Wang & Associates, PLLC, Flushing (David J. Wood and Kevin S. Wang of counsel), for appellant.
Riemer & Braunstein LLP, New York (Paul S. Samson of counsel), for respondents.

Order and judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered January 13, 2022, in favor of plaintiffs and against defendant, and which brings up for review an order, same court and Justice, entered January 3, 2022, which directed defendant to pay plaintiffs $25,000 for legal fees and expenses in connection with the contempt proceeding, granted summary judgment in plaintiffs' favor against defendant on all counts in the complaint including conversion of plaintiffs' books and records, and ordered that the July 22, 2021 preliminary injunction directing defendant to turn over the books and records continue in full force and effect as a permanent injunction, without an undertaking, unanimously affirmed, without costs.
Defendant is the former sole member and manager of plaintiffs Operr Plaza LLC and Clean Air Service & Parking Branch Two LLC (entities). The entities obtained a $12.3 million mortgage loan from a nonparty lender. As the entities' sole managing member, defendant agreed to guarantee their payment of a promissory note that was part of the loan transaction. Defendant executed three agreements with the lender which guaranteed the entities' payment for the underlying loan, collateralized his entire membership interest in the entities and, in the event of the entities' default on the loan, authorized the lender to terminate and/or sell the rights of membership. In addition to pledging his membership interest as collateral for the guaranty, defendant delivered a signed resignation from membership to be operative in the event of the entities' default. The entities defaulted and the lender conducted an authorized UCC sale of defendant's membership interest to IV-CFCF NEV REO, LLC (REO).
Plaintiffs are entitled to summary judgment on their claim for conversion because REO, as the entities' current sole managing member, is the rightful possessor of the records pursuant to defendant's guaranty agreements providing for the sale of his interest in the event of the entities' default. Upon the entities' default, defendant's automatic resignation, and the lender's authorized sale of his membership interest to REO, defendant had to transfer his interest to REO. Thus, defendant improperly withheld from plaintiffs the entities' books and records and access to their bank accounts. Accordingly, plaintiffs have shown a possessory right or interest to the records sought and defendant's dominion over the property or interference with it, in derogation of plaintiffs' rights (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]; see also William Doyle Galleries, Inc. v Stettner, 167 AD3d 501, 505 [1st Dept 2018]).
Since plaintiffs established entitlement to summary judgment on their claim for conversion, the motion court properly granted a permanent injunction, directing defendant to turn over the books and records and enjoining him from further interfering in the entities' operation (see Weinreb v 37 Apts. Corp., [*2]97 AD3d 54, 59 [1st Dept 2012]). The award of reasonable attorneys' fees was proper in light of defendant's continued refusal to comply with the prior injunction (see Stier v One Bryan Park LLC, 122 AD3d 505, 506 [1st Dept 2014]).
We have considered defendant's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024