Ortiz v Montefiore Med. Ctr. (2025 NY Slip Op 00635)

Ortiz v Montefiore Med. Ctr.

2025 NY Slip Op 00635

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 306592/08 Appeal No. 3621-3622 Case No. 2024-01236, 2024-06634 

[*1]Aurora Ortiz etc., Plaintiff-Appellant,
v
Montefiore Medical Center, Defendant-Respondent, Akeza Teame, M.D., Defendant.

Thomas L. Bondy, P.C., New York (Thomas L. Bondy of counsel), for appellant.
Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, New York (Jonathan Waldauer of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Michael A. Frishman, J.), entered January 30, 2024, dismissing the complaint, and bringing up for review an order, same court and Justice, entered January 9, 2024, which granted the motion of defendant Montefiore Medical Center (Montefiore) to strike the complaint pursuant to CPLR 3126, unanimously reversed, on the law, without costs, the judgment vacated, the motion denied, the action reinstated, and plaintiff's counsel ordered to pay $500 to defendant in costs in connection with making the motion to strike. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed by the appeal from the judgment.
This action arises from injuries allegedly suffered by plaintiff's decedent in a fall from a hospital bed in May 2005. On July 25, 2008, Surrogate's Court, Bronx County, appointed plaintiff administrator of decedent's estate. Plaintiff commenced this action on July 30, 2008. The parties then engaged in discovery.
By letter dated January 13, 2009, the New York City Human Resources Administration (HRA) informed plaintiff's counsel that the New York City Department of Social Services (DSS) had a claim against decedent's estate.
By letter dated November 12, 2019, Montefiore's counsel memorialized a settlement agreement in the amount of $150,000. The letter outlined the documents necessary to finalize and process the settlement payment, including certain final lien letters. Beginning in January 2020, in protracted communications with plaintiff's attorneys, Thomas Bondy and Steven Rosenberg, Esqs., Montefiore's counsel repeatedly requested that the final lien letters be provided so as to finalize the settlement.
In April 2021, DSS informed plaintiff's counsel that it would not pursue any claim against the estate.
On May 7, 2021, the motion court held a conference and directed plaintiff's counsel to obtain the final lien letters. In November 2021, Mr. Rosenberg passed away, reportedly after a short illness. There is no record that plaintiff's remaining attorney, Mr. Bondy, contemporaneously informed the court or defendants of Mr. Rosenberg's death. On June 13 and December 4, 2022, Montefiore's counsel wrote to the court requesting another conference to address plaintiff's failure to produce the final lien letters.
At a virtual conference held on February 3, 2023, the motion court advised plaintiff's counsel that he needed to take "concrete steps" to finalize the settlement, or the court might authorize Montefiore to move to dismiss. At an appearance on March 6, 2023, plaintiff's counsel provided two private lien letters and advised that he was following up with Medicare and Medicaid for their final lien letters. On April 13, 2023, when the parties next appeared, plaintiff's counsel again failed to produce the remaining letters. The court cautioned plaintiff's counsel that Montefiore might be permitted to move to dismiss the complaint if the required papers were not submitted by May 30, 2023[*2].
On May 31, 2023, Montefiore's counsel emailed plaintiff's counsel regarding the status of the Medicare lien. There is no record of a response.
In July 2023, pursuant to leave granted by the motion court, Montefiore moved pursuant to CPLR 3126 to strike the complaint. In opposition, Mr. Bondy explained that, after Mr. Rosenberg's death in November 2021, his widow was unable to locate plaintiff's file for approximately one year. Counsel stated that, beginning in December 2022, he had suffered from a series of serious and debilitating medical issues. These included a respiratory illness in December 2022 and cardiological issues identified in January 2023, that culminated with a coronary artery stent procedure on May 8, 2023.
Counsel also documented efforts he made to obtain the remaining documents and approval for the settlement from Surrogate's Court. There is no record, however, that counsel contemporaneously informed the court or defendants of his medical issues or any resulting need for additional time.
Supreme Court granted the motion and struck the complaint. The court held that, although it "sympathized and empathized with" plaintiff's counsel, he had nonetheless engaged in willful and contumacious conduct by delaying the matter for several years, thus frustrating court orders and prejudicing Montefiore.
Contrary to plaintiff's contention, CPLR 3126 was applicable because a note of issue and certificate of readiness had not been filed pursuant to the Uniform Rules for Trial Courts (22 NYCRR) § 202.21. Although discovery is generally understood to focus on the trial, the requested lien letters are valid discovery material as they are necessary not only to settle the matter but also for entry of a final judgment (see CPLR 3101; Torres v Visto Realty Corp., 127 AD3d 545 [1st Dept 2015]). Plaintiff's counsel does not dispute that the court admonished him over a period of several years to produce the requested documentation at multiple settlement conferences, placing him on notice pursuant to its power to supervise disclosure (see CPLR 3104). Moreover, the court may issue an order pursuant to its statutory authority under CPLR 3126, where it finds that a party ought to have disclosed information, even in the absence of a formal discovery order.
However, this case does not present willful and contumacious conduct sufficient to support the ultimate penalty of striking the complaint (see De Socio v 136 E. 56th St. Owners, Inc., 74 AD3d 606, 608 [1st Dept 2010]; Corsini v U-Haul Intl., 212 AD2d 288, 291 [1st Dept 1995], lv dismissed in part and denied in part 87 NY2d 964 [1996]). The record here indicates that during the relevant period, plaintiff's counsel suffered from serious documented health issues, and the case file could not be found for a year after the death of the attorney primarily responsible for the case. Plaintiff's counsel ultimately produced the necessary documents prior to the May 2023 deadline, and, albeit belatedly, in opposition [*3]to Montefiore's CPLR 3126 motion. Plaintiff's counsel also filed a petition with Surrogate's Court to facilitate settlement approval. Counsel's lack of diligence in furnishing the requested materials does not support striking the complaint (see Stier v One Bryant Park LLC, 122 AD3d 505, 505-506 [1st Dept 2014]; Elias v City of New York, 71 AD3d 506, 507 [1st Dept 2010]).
Nonetheless, these circumstances do not fully exculpate plaintiff's counsel. Mr. Rosenberg's death in November 2021 came fully two years after the November 2019 settlement agreement. During that time, plaintiff's counsel expended little effort to procure the requisite documents. Accordingly, we reverse the order striking the complaint and restore the action to the trial calendar, order plaintiff's counsel to pay costs of $500 to defendant in connection with defendant's submission of the motion to strike, and remand the action to the trial court for completion of the settlement agreement.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025